RHODES *v.* COVINGTON.

Opinion delivered June 8, 1901.

1. TAX DEED—SUFFICIENCY OF DESCRIPTION.—A tax deed which describes the land conveyed as "L. B. R. W. Pt. southeast quarter of section 30, township 5 north, range 4 west," is void for want of a sufficient description. (Page 358.)

2. SAME—RIGHT TO QUESTION.—Sand. & H. Dig., § 6625, providing that no one can question a tax title acquired by deed from the county clerk "without first showing that he or the person under whom he claims title to the property had title thereto at the time of the sale, or that title was obtained from the United States or this state after the sale," has no application to a tax title void upon its face. (Page 359.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

*N. B. Fizer* and *Rose, Hemingway & Rose,* for appellant.

The description "L. B. R. W. Pt."—meaning that part of the quarter section that was on the left bank of the river—was sufficient. Any description which sufficiently definite and certain to ascertain the premises is good. 1 Desty, Taxation, § 567; 23 Kans. 717; 36 N. J. L. 288; 4 Fed. 111; 41 S. W. 728; 2 Desty, Taxation, § 856.

*R. J. Williams* and *Norton & Prewett,* for appellee.

The description, designating the land as "part" of a tract, is too vague. 48 Ark. 419; 60 Ark. 487; 30 Ark. 640; 34 Ark. 534; 41 Ark. 495; 56 Ark. 44.

BATTLE, J. Appellant, Mary Lee Rhodes, brought this action against Lucy Covington, in the St. Francis circuit court, to recover the possession of a tract of land, described in her complaint as follows: "L. B. R. W. Pt. S. E. ¼ section thirty (30), township

five (5) north, range four (4) east, containing 45.88 acres of land, the same being 45.88 acres of land lying west of a line drawn north and south through that part of the southeast quarter of said section which lies on the left bank of the St. Francis river, and parallel to the east line of said section 30, so as to divide said part of said southeast quarter which lies on the left bank of said river into two parts, to-wit, the east part, containing 60.50 acres, and the west part, containing 45.88 acres." She alleged in her complaint that she inherited the land from her deceased father, and that he derived title to it by purchase of the same at a sale thereof on the 10th day of June, 1878, for the taxes assessed against it for the year 1877; that the defendant had been wrongfully in possession for ten years, the greater part of which time she had been a minor, she having attained her eighteenth year on the 6th of August, 1896. She attached to her complaint the tax deed of her father, in which the land is described as "L. B. R. W. Pt. southeast quarter of section 30, township 5 north, range 4 east."

The defendant answered, denying that she was wrongfully in possession, and claiming title to the land by adverse possession; and filed exceptions to the deed filed by the plaintiff, alleging, among other things, that it described no lands.

The land was described in the assessment and certificate of tax sale as it is in the deed.

The court sustained the exceptions, and, the plaintiff declining to amend or plead further, rendered judgment in favor of the defendant; and the plaintiff appealed.

Was the deed void because of an insufficient description of the land conveyed?

In *Cooper* v. *Lee,* 59 Ark. 460, it was held that a sale of land for taxes, advertised and sold under the description of N. NE., section 2, township 15, range 6, 87.19 acres, was void, because the description was insufficient to identify the land. In that case the court said: "It is said that the purposes in describing the land are: 'First, that the owner may have information of the claim made upon him or his property; second,that the public, in case the tax is not paid, may be notified what land is to be offered for sale for the nonpayment; and, third, that the purchaser may be able to obtain a sufficient conveyance.' Cooley, Taxation (2d Ed.), 405. A description of land in a tax proceeding that does not sufficiently identify it 'defeats one of the most just and obvious purposes of the statute,—that of giving the owner notice

that his land is to be sold, so that he may pay the tax and prevent the sale,' or at least redeem his land before the expiration of the time allowed for that purpose. To effect the laudable purpose of protecting the owner, the description should be such as will be readily understood by persons even ordinarily versed in such matters. A description which is intelligible only to persons possessing more than the average intelligence, or the use and understanding of which is confined to the locality in which the land lies, is not sufficient. *Schattler* v. *Cassinelli,* 56 Ark. 178."

In the case at bar the presumption is the land is described in the deed as it was advertised for sale for taxes. Sand. & H. Dig., §§ 6623, 6613. The description contained was insufficient to identify the land sold and conveyed. Assuming that "L. B. R." means left bank of river, who, ignorant of the land intended, would know what "W. Pt." meant? The land described in the complaint is 45.88 acres of land lying west of a line drawn north and south through that part of the southeast quarter of said section which lies on the left bank of the St. Francis river, and parallel to the east line of said section 30, so as to divide said part of said southeast quarter which lies on the left bank of said river into two parts, to-wit, the east part containing 60.50 acres, and the west part containing 45.88 acres. Who would know that this land was meant by the description in the deed? The description in the deed, to one ignorant of the land intended to be described, is unintelligible, and this is not sufficient. It does not meet the requirements of the rule laid down in *Cooper* v. *Lee, supra*. The deed upon its face, therefore, shows that the sale of the land for taxes was void.

Appellant contends that the appellee has no right to question her title, and cites section 6625 of Sandels & Hill's Digest to support her contention. That section is as follows: "But no person shall be permitted to question the title acquired by a deed of the clerk of the county court without first showing that he, or the person under whom he claims title to the property, had title thereto at the time of the sale, or that title was obtained from the United States or this state after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid." But the deed in this case does not show that she acquired any title, but, on the contrary, shows that she did not; and the section cited has no application.

Judgment affirmed.

BUNN, C. J., dissents.