## Penix v. Rice.

### Opinion delivered January 10, 1910.

1. TAXATION—DEED—PATENT AMBIGUITY. — A tax deed which describes the land sold for taxes as part of a certain forty-acre tract is void on its face. (Page 178.)

2. SAME—LIMITATION.—Kirby's Digest, § 7114, providing that actions to test the validity of certain tax proceedings "must be commenced within two years from the date of sale, and not later," has no application where a tax deed shows on its face that the forfeiture for non-payment of taxes was void. (Page 179.)

3. ADVERSE POSSESSION—SUFFICIENCY OF POSSESSION.—Where a sister-in-law, residing with the owner of land, purchased it at tax sale, but there was no visible change of possession, and thereafter the owner mortgaged the land and placed improvements thereon and exercised other acts of ownership, the possession of the tax purchaser was not adverse. (Page 179.)

Appeal from Boone Chancery Court; *T. Haden Humphreys,* Chancellor; reversed.

*G. J. Crump,* for appellants.

Appellee cannot rely on her deed, because it shows on its face that it is absolutely void. 77 Ark. 576; 56 Ark. 172; 59 Ark. 172; *Id.* 460; 69 Ark. 532; *Id.* 357. Fraud is a question of law when the facts are undisputed. 2 Wend. 466; 20 Am. Dec. 635. In equity fraud may be inferred from circumstances. 33 Ark. 69. If one sells real estate and retains possession of it, it is a badge of fraud. 2 Ga. 1; 46 Am. Dec. 368; 14 Ark. 69.

*Pace & Pace,* for appellee.

Evidence heard · in the lower court without objection cannot be complained of here. 1 Ark. 228. Fraud must be specifically alleged. 44 Ark. 499; 41 Ark. 378; 34 Ark. 71. If the holding be not hostile, but in subordination to the true owner whenever asserted, then the statute does not run. 77 Ark. 293. Equity has the same power to prevent a cloud that it has to remove it. 37 Ark. 515; 39 Ark. 202; 30 Ark. 90.

HART, J. This action was commenced in the Boone Chancery Court by Alforetta Rice against C. A. Penix and Joe E. Keef on the 19th day of March, 1909.

The complaint alleges that certain real estate in Boone County, Arkansas, was assessed for taxation as a part of the S. W. ¼ of the N. W. ¼ of Sec. 4, Twp. 20 N., R. 18 W., and as such was forfeited to the State for nonpayment of taxes. That on the 5th day of November, 1898, she purchased the same from the State, and obtained a deed therefor from the Commissioner of State Lands. That she went into possession of same, and has continuously held possession of same ever since. That C. A. Penix became the owner of a judgment heretofore rendered in said court in favor of J. N. Milum against John Morrow, and has caused an execution to be issued and levied upon said real estate as the property of said John Morrow. That said levy was made by · the defendant Joe E. Keef as sheriff of Boone County. The prayer of the complaint is that a sale under said execution "be suspended until the rights of the parties are determined," and "for all general and equitable relief."

The defendants answered, and admitted that the levy of the execution was made as alleged in· the complaint, but aver that plaintiff's deed is void. They deny that plaintiff took possession of the land, and that she has held adverse possession of the same ever since.

The chancellor granted a temporary injunction, restraining defendants from proceeding further under the execution until the final hearing of the cause.

The facts are substantially as follows: The land involved in this suit comprises 2.25 acres. It originally belonged to John Morrow, and was used by him for a mill and gin site. It was assessed for taxes as a part of the S. W. ¼ of N. W. ¼ of Sec. 4, Twp. 20 ·

N., R. 18 W., and in the year 1894 was forfeited to the State under that description for the nonpayment of taxes. On the 5th day of November, 1898, the plaintiff, Alforetta Rice, purchased said land from the State, and obtained a deed therefor under the description above set out. The purchase price was $3.81. Alforetta Rice was a sister of the wife of said John Morrow, and lived with him as a member of his family. At the time the plaintiff purchased the land from the State, all the improvements on it had been burned off except an engine and boiler. Afterwards John Morrow and his son, Brice Morrow, who were at the time partners in business, bought new machinery and placed it on the land. On the 17th day of September, 1896, John Morrow as guardian for Brice Morrow, a minor, John Morrow and Mary J. Morrow, his wife, executed a mortgage on the following described lands in Boone County, Arkansas: "A part of S. W. ¼ of N. W. ¼ of Sec. 4, Twp. 20 N., R. 18 W., containing three acres." The land is further described as the land on which is situated the mill site and residence of said John Morrow. The mortgage was given to secure the purchase price of certain machinery bought and placed on the mill site. Later John Morrow sold his interest in the machinery to Brice Morrow, in consideration that he finish paying for it. Brice Morrow then erected some new buildings on the land, and paid the balance of the purchase money on the machinery. Both he and the plaintiff testify that she rented the mill site to him. There was no agreement as to what he should pay as rent except he was to pay the taxes and give her feed for her turkeys. Both he and the plaintiff lived with John Morrow as members of his family, and when Brice Morrow was away John Morrow ran the mill. The plaintiff only claims the land and engine and boiler. She says that the buildings and machinery erected on the land by Brice Morrow belong to him.

On final hearing the chancellor found that the plaintiff was the owner in fee simple of said lands, and the temporary injunction was made perpetual. The defendants have appealed.

In construing descriptions in tax deeds similar to the one in question, this court has held that the deed does not purport to convey the title to any land, because none is described therein. *Dickinson* v. *Arkansas City Improvement Company*, 77 Ark. 570 and cases cited. In that case the court said: "A deed failing to

describe the land is equivalent to no deed at all. In order to put this statute (referring to section 7114, Kirby's Digest) in operation, the adverse holding must be under a deed purporting to convey the land pursuant to a tax sale." The deed in question upon its face, therefore, shows that the forfeiture of the land for the nonpayment of taxes was void, and did not put the statute of limitations in operation.

The defendants in their answer denied that plaintiff had been in adverse possession of the property for the statutory period and thereby acquired title. The proof establishes that fact. Both the plaintiff and Brice Morrow lived with John Morrow as members of his family at the time of the alleged forfeiture for nonpayment of taxes. There was no evidence of a visible change of possession. The alleged forfeiture occurred in 1894, and in 1896 the Morrows executed a mortgage on the land and machinery situated thereon. They proceeded with the erection of buildings to take the place of those burned down, and exercised the same acts of ownership over it that they had always done. The mill site was adjacent to and in the same subdivision of land as the residence of John Morrow. No fixed amount of rent was ever agreed upon or paid. Taking into consideration all the facts and circumstances connected with the transaction, it is manifest that the possession of the plaintiff was colorable only, and not with intent to hold the property as her own. *Baldwin* v. *Williams*, 74 Ark. 316.

Therefore the decree is reversed with directions to dismiss the complaint for want of equity.