## MORRIS v. EAGLE.

### Opinion delivered March 7, 1910.

1. TAXATION—TAX DEED—SUFFICIENCY OF DESCRIPTION.—A tax deed which describes the land sold for taxes as part of a certain quarter section, without otherwise describing it, is void. (Page 183.)

2. REMOVAL OF CLOUD—IMPROVEMENTS BY STRANGER.—In a suit to remove a cloud upon a title, it is not admissible for the plaintiff to show that a stranger made improvements on the land and paid taxes on it, relying not upon a claim in favor of plaintiff but in favor of himself. (Page, 183.)

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*W. E. Atkinson,* for appellant.

If Bus Fleming and his sons were Mrs. Morris's tenants, they cannot question her title or right of possession. 43 Ark. 28. And if he was her tenant since 1894, and paid rent to her through her husband, her possession of the land for that period is established, and she acquires title under the statute of limita-

tions.    38 Ark. 193; 77 Ark. 324; 75 Ark. 395; 2 Taylor on
Landlord & Tenant (8 ed.), § 705 and note 3.

*James B. Gray,* for appellee.

1.   W. N. Morris is not a party to this action in his indi-
vidual capacity, and the allegation in Mrs. Morris's answer to
the intervener's cross-complaint that W. N. Morris had pur-
chased the land at a trustee's sale under foreclosure of a mort-
gage executed by Anthony Fleming to secure a debt due A. G.
England & Company was no defense.

2.   The question whether Mrs. Morris held the land in open,
notorious, adverse and peaceable possession for the statutory
period was decided adversely to such claim by the chancery
court, after hearing all the evidence, and that court's finding
will not be disturbed, unless clearly against the preponderance
of the evidence.    85 Ark. 83; 71 Ark. 605; 68 Ark. 314; 77 Ark.
216; 78 Ark. 420; 91 Ark. 246.

BATTLE, J.    Mrs. K. L. Morris commenced suit against
R. E. L. Eagle in the Lonoke Chancery Court to quiet her title
to the northwest quarter of the northwest quarter of section six
in township two south, and in range nine west in Lonoke County,
in this State.    She alleged in her complaint that she acquired
title to the land under a sale for taxes made on the 12th day of
June, 1893, at which J. D. Shute became the purchaser; that
thereafter, on the 26th day of June, 1893, she purchased the
same from Shute, and he assigned the certificate of sale to her;
and that thereafter, on the 4th day of August, 1898, H. T. Brad-
ford, county clerk of Lonoke County, made her a deed to the
land, describing it as part of the N. W. quarter of section 6,
T. 2 S., R. 9 W., 57.36 acres; that she was in possession of
the land under her purchase from and after the first day of
January, 1894; that Anthony Fleming was her tenant, and held
possession for her in that capacity, paying her rent therefor,
from the time aforesaid until some time in July, 1906, when
he died.

The defendant demurred to the complaint because the facts
stated therein were not sufficient to constitute an equitable cause
of action.

William Fleming, Mary Gibson, James Fleming, Jackson
Fleming and Nettie Harris intervened, and for their cause of

intervention and cross complaint alleged that their father, Anthony Fleming, deceased, was the owner of the land described in plaintiff's complaint, having received deed for the same from the State of Arkansas on the 5th day of March, 1883; that Anthony Fleming departed this life in the year 1906, and left interveners his only heirs him surviving; that Anthony Fleming, after October, 1881, resided on the land as his homestead until he died; and that since his death interveners resided on the land, and now hold possession of the same as their homestead and by right of inheritance from their father, the said Anthony Fleming, deceased. They denied that plaintiff is the owner of the land, and is now or ever was in possession of it; and they asked that their title to the land be quieted.

The plaintiff answered the cross complaint, and among other things alleged that Anthony Fleming, in the year 1885, executed a deed of trust, conveying the land in controversy to J. H. Bilheimer as trustee to secure a debt due A. G. England & Company, that said debt was never paid, and the land was sold under and in accordance with the terms of said deed of trust, and W. N. Morris became the purchaser, and that thereafter said Anthony Fleming never had nor claimed title to said lands.

The interveners demurred to and answered this paragraph of plaintiff's answer to their complaint, and admitted that in the year 1885 their father executed a deed of trust to secure a debt due to A. G. England & Company, but denied that the same was never paid, and alleged that W. N. Morris at the instance of their father purchased the debt from A. G. England & Company, and that afterwards their father paid the debt in full to W. N. Morris, and denied that the land was sold under the deed of trust.

Thereafter the death of the plaintiff was suggested and admitted, and by consent of all parties the cause was revived and proceeded in the name of Edward E. Morris, Lewis Morris, William Morris and Anna L. Morris, who are minors and the only heirs of the plaintiff, by W. N. Morris as their next friend, as plaintiffs.

This cause came on for hearing, and the parties appeared, and the court heard the evidence and found that the tax deed executed by the county clerk of Lonoke County to Mrs. K. L.

Morris on the 4th day of August, 1898, for the land in contro-
versy was illegal and void for uncertainty in description, and
passed and conveyed no title to the land to Mrs. K. L. Morris,
the land being sold for the taxes of 1892, and described in the
deed as part of the northwest quarter of section 6, township 2
south, range 9 west, Lonoke County, Arkansas, containing 57.36
acres; and further found that Mrs. K. L. Morris never held
continuous, open, adverse, notorious and peaceable possession
of the lands for any period of time. And ordered, adjudged
and decreed that the tax deed be cancelled, set aside and held
for naught, and that the interveners' title to the land be forever
quieted, in so far as said deed affects the same, and the plaintiffs
in original complaint and defendants in cross complaint appealed.

The deed executed by county clerk of Lonoke County to
Mrs. K. L. Morris for land in controversy is null and void on
account of the defective description of the land. *Hershey* v.
*Thompson,* 50 Ark. 484; *Schattler* v. *Cassinelli,* 56 Ark. 172;
*Rhodes* v. *Covington,* 69 Ark. 357; *Dickinson* v. *Arkansas City
Improvement Co.,* 77 Ark. 570; *Cooper* v. *Lee,* 59 Ark. 460;
*Little Rock & Fort Smith Ry. Co.* v. *Huggins,* 64 Ark. 432.

Mrs. Morris, the plaintiff, did not hold adverse possession
of the land for any period of time. But there was evidence
that W. N. Morris made improvements on the land, paid taxes
on, and collected rents for, the same, but he claimed to have
purchased the land at a sale under the deed of trust conveying
the land to J. H. Bilheimer as trustee to secure a debt due A.
G. England & Company, which is mentioned in the pleadings,
but these acts are referable to his own claim. *Fee* v. *Cowdry,*
45 Ark. 410. He was not a party to this suit, and such evidence
was not admissible.

Decree affirmed.