PRICE *v.* PRICE.

4-7436 182 S. W. 2d 879

Opinion delivered October 23, 1944.

*Joe D. Shepherd, Bob Bailey, Jr.,* and *Bob Bailey,* for appellant.

*Oliver Moore,* for appellee.

KNOX, J. Suit was commenced in the chancery court of Pope county for partition of land situated in section 19, township 8 north, range 21 west, and near this same time action was filed in the circuit court of that county in ejectment to try title to the same land. The ejectment action was transferred to the chancery court and consolidated with the partition suit. No question as to this procedure was presented to the lower court, nor raised here. We raise none, but our action is not to be construed as approval of the practice.

These lands forfeited for the taxes of 1933, and were sold and certified to the State, and later conveyed by the Commissioner of State Lands to appellant, Burris Price. The description under which the land was assessed, sold, certified to the State, and later conveyed by the Commissioner of State Lands was "Pt. SE¼ NE¼, Sec. 19, Twp. 8 N., Range 21 W.; 34 acres." We have many decisions holding that a deed which describes the land as "a part of a certain quarter section, or other governmental subdivisions, without otherwise describing it is void. *Jacks* v. *Chaffin,* 34 Ark. 534; *Rhodes* v. *Covington,* 69 Ark.

357, 63 S. W. 799; *Penix* v. *Rice,* 93 Ark. 176, 124 S. W. 747; *Morris* v. *Eagle,* 94 Ark. 180, 126 S. W. 382; *Woodall* v. *Edwards,* 83 Ark. 334, 104 S. W. 128; *Person* v. *Davis,* 199 Ark. 1029, 138 S. W. 2d 71.

The assessment on which the forfeiture was based was for the year 1922, and it was established by the undisputed evidence of the deputy collector of taxes, testifying from the original records, that the taxes on such land for that year were actually paid. The record discloses that such payment was made by White Brothers, a large mercantile establishment in the locality who frequently paid taxes for a large number of their customers. Why they paid these taxes is not shown. Counsel for appellant says the payment was made through error. No member or agent of the firm has appeared to so testify. Nevertheless, the fact remains that such taxes were paid, and the lien thereof has been discharged. Having received the payment which satisfied the tax lien, the State could not thereafter conduct a valid sale for the nonpayment of the same taxes; and this is true whether payment was made through error or for some other reason.

For these and other reasons the chancery court rendered its decree in favor of appellee on the question of the validity of the tax deed, and shortly thereafter it entered its decree directing partition.

We are of the opinion that such decrees should be affirmed, and it is so ordered.