EDWARD H. OWINGS *et al. vs.* JAMES G. FREEMAN *et al.*

Argued Dec. 21, 1891. Decided Feb. 29, 1892.

**Deed—Description of the Land Construed.**—In a deed of conveyance, the boundary lines of the granted premises, designated by courses and distances, starting from a definite place of beginning, disclosed no error or inconsistency until the last line was reached, which was to run "to the place of beginning;" but the given course and distance would not bring it to that point, nor complete the inclosure of any land. *Held,* that the course and distance of the last line should be rejected as erroneous, and effect be given to the more certain designation, "thence to the place of beginning."

Appeal by plaintiffs, Edward H. Owings and Thomas T. Owings, from an order of the district court of Ramsey county, *Egan,* J., made June 27, 1891, refusing a new trial.

In 1851 one Vital Guerin owned a large tract of land lying west of and adjacent to what was known as the "Bazille & Guerin Line," running north, 41° 35′ west, in Section 31, T. 29, R. 22, in St. Paul, Minn. He and wife conveyed a portion of this land to Joel E. Whitney by warranty deed, the easterly line of the tract so conveyed being the said Bazille & Guerin line. The description in the deed was as follows, viz.:

"Commencing where the line between Bazille and Guerin intersects the south side of Eleventh street, in Bazille and Guerin's addition to St. Paul; thence running north on said line distance of five chains and seventy-five links to the place of beginning; thence north on said line distance fourteen chains and twenty-five links; thence south, fifty-seven degrees and thirty minutes west, distance of two chains and eighty-eight links; thence south, parallel with said line of Guerin and Bazille, distance of fifteen chains and eighty-five links; thence north, forty-eight degrees east, distance of two chains and eighty-eight links, to the place of beginning,—containing four acres, more or less."

June 23, 1856, Guerin and wife conveyed to plaintiffs' ancestor, Thomas W. Owings, of Paris, Ky., the land on the south or southeast of this tract, by a deed in which the land conveyed is described as follows, viz.:

"Commencing on the north line of Eleventh street, in the city of St. Paul, where the line between Bazille and Guerin intersects said street, running thence north, forty-one degrees thirty-five minutes (41° 35′) west, along said Bazille and Guerin's line, three hundred and nineteen and a half (319½) feet; thence south, forty-eight degrees (48°) west, one hundred and eighty-eight and three-fourths (188¾) feet; thence south, forty-one degrees thirty-five minutes (41° 35′) east, three hundred nineteen and one half (319½) feet to the north line of Eleventh street aforesaid; thence north, fifty-five degrees (55°) east, along the north line of Eleventh street, to the place of beginning; being a piece of land 319½ feet long by 188¾ feet wide, in section No. thirty-one, (31,) town twenty-nine (29) north, of range twenty-two (22) west."

Eleventh street is sixty (60) feet wide. The plaintiffs are the heirs of Thomas W. Owings, deceased, and the defendant Freeman is the

remote grantee of Joel E. Whitney. The other defendants are Free-man's tenants. The contention is, which party owns the triangular piece of land, which defendants claim is covered by both deeds?

Its ownership depends upon the construction to be given to the Whitney deed.

The action was ejectment, and was tried February 13, 1891. The parties waived a jury. The court made findings, and directed judgment for defendants. Plaintiffs moved for a new trial, and, being denied, they appealed.

*Willis & Nelson*, for appellants.

This is an action of ejectment. The parties are opposing claimants to a tract of land, of irregular shape, which is situated within the corporate limits of the city of St. Paul. In 1851 Vital Guerin was the owner of a large tract of land, which included the premises here in controversy. On July 12, 1851, he conveyed to Joel E. Whitney a certain portion of the tract.

The language of the deed does not describe any definite tract of land, since, although the eastern and western boundary lines of the tract are parallel, they are of unequal length, and as the northern and southern boundary lines are nearly parallel, have a definite course, and are of equal length, a gap is left in the eastern boundary line of the tract. The plaintiffs' claim is that only one change should be made in construing this deed, viz., the length of the western boundary line should be fourteen chains and twenty-five links, to correspond with the length of the eastern boundary line. This would result in describing a parallelogram, would make the northern and southern boundary lines equal, and would give a little more than the area mentioned in the deed. This construction would also leave enough land in the space between its southern boundary and Eleventh street to give to the ancestor of the plaintiffs the land which Guerin describes in his deed to Thomas W. Owings.

When established monuments are wanting, and the courses and distances cannot be reconciled, there is no universal rule that requires that the one should be preferred to the other. Cases may exist in which the one or the other may be preferred, as shall best comport with the manifest intentions of the parties to the transac-

tion, and correspond with all the other circumstances of the case. *Loring* v. *Norton*, 8 Me. 61; *Colter* v. *Mann*, 18 Minn. 96, (Gil. 79.)

*Thompson & Taylor*, for respondent Freeman.

This is not an action to correct a deed, but the court is called upon to construe one. The question is not what the parties intended, but what they did; and the intention of the parties must be gathered from the instrument itself. The call, " thence to the place of beginning," is more definite and certain than the words, " thence north, 48° east," and it is a general rule that what is most material and most certain will control that which is less material and less certain. *Colter* v. *Mann*, 18 Minn. 96, (Gil. 79.)

If there be two descriptions of the land conveyed, which do not coincide, the grantee is entitled to hold by that which will be most beneficial to him. *Melvin* v. *Proprietors, etc., on Merrimack River*, 5 Met. (Mass.) 15; *Esty* v. *Baker*, 50 Me. 325; *Vance* v. *Fore*, 24 Cal. 443; 3 Washb. Real Prop. (5th Ed.) 422.

Doubtful words and provisions in a grant are to be construed most strongly against the grantor. *Pike* v. *Munroe*, 36 Me. 309, 316; *Abbott* v. *Abbott*, 53 Me. 361.

*Warner, Richardson & Lawrence*, for respondent Carpenter.

It is an elementary proposition that when a description in a deed will not close, because the last call contains courses and distances which, if explicitly followed, will not carry the surveyor back to the place of beginning, and yet that call recites in express terms that the line is to go *"to the place of beginning,"* the words, *"to the place of beginning,"* become and stand as a monument, and control the course and distance. The line must, in such case, be run from the last stopping place by the most direct route, disregarding course and distance, "to the place of beginning." The ultimate object of both the grantor and grantee is obviously to get back to that place of beginning, and there we must go in construing this deed. The point of beginning is regarded as a monument, and in ascertaining the location of a tract of land monuments will control over courses and distances in the interpretation of a description. *Piercy* v. *Crandall*, 34 Cal. 334; *White* v. *Luning*, 93 U. S. 514; *Bond* v. *Fay*, 8 Allen, 212; *Nicolin* v. *Schneiderhan*, 37 Minn. 63.

Plaintiffs, on the other hand, insist that we must read the first two calls in the deed as they are written; that we must shorten the third course a considerable amount; retain the course and monument in the last line, and extend its length. It is true that there is plenty of authority for extending the length of the fourth line, but we respectfully submit that none can be found for shortening the third side, when on its face there is no ambiguity or inaccuracy in its description, and there is no given monument to which it is to run.

DICKINSON, J. This is an action of ejectment. Both parties claim title by conveyances from the original owner of the land, one Vital Guerin. The defendants' asserted title rests upon a deed of conveyance from Guerin to one Whitney executed and recorded in the year 1851. The plaintiffs claim under a deed executed by the same grantor to one Owings in 1856. The controversy is as to the construction and effect of the former and earlier deed, in which the description of the land which it in terms conveyed was obviously erroneous in part. The place of beginning in the description is a certain designated point in a "line between Bazil and Guerin," concerning which there is no controversy, although it is not marked by any monument. Starting from that place of beginning, the description in the deed is as follows: "Thence continuing north on said line a distance of fourteen chains and twenty-five links; thence running south, fifty-seven degrees and thirty minutes west, two chains and eighty-eight links; thence south, parallel with said Bazil and Guerin's line, a distance of fifteen chains and eighty-five links; thence north, forty-eight degrees east, a distance of two chains and eighty-eight links, to the place of beginning,—containing four acres, more or less." It will be seen that the courses and distances given do not return to the place of beginning, but that the terminus of the last course is some distance southerly from the place of beginning. It is apparent from the deed itself that this is the result of some error in the description, and that the last course was intended to terminate at "the place of beginning," and to complete the inclosure of a tract of land intended to be conveyed. But effect should be given to the deed in accordance with the intention of the parties, if, rejecting any terms of description which by the application of the principles of

construction may be declared to be erroneous, enough remains to describe with certainty the land intended to be conveyed.

The grantor owned all the land to which the terms of description in the deed were applicable, and we should regard the description as being in accordance with the intention of the parties, and give effect to it according to its terms, unless error is disclosed which forbids our doing so. Commencing at the designated definite place of beginning, and following the first three of the courses and distances given, no error, uncertainty, or inconsistency is disclosed. Thus far there is nothing to suggest a doubt as to these three boundaries being in accordance with the intention of the parties. It is only when the fourth and last course and distance is given that error is apparent. It is more certain that this line was intended to run to the place of beginning than that the inconsistent designation by course and distance was correct. It is certain that that boundary was not intended to be located where the description given in the deed would place it. This the plaintiffs not only concede, but insist upon. They claim, however, that the error should be corrected by going back to the third boundary given, and shortening the length of that line enough to make the last line given in the deed terminate at the place of beginning. But that would be impossible, without also changing either the course or the distance of the last line described in the deed. It is objectionable, too, because it *changes* the description of the third boundary in a particular which is essential in the description of that line. It is not like the rejection of an erroneous and unnecessary designation, leaving unchanged a description which is still complete.

It is not necessary, even if permissible, to thus wholly depart from the description given in the deed in respect to any of the boundaries, and to resort to mere conjecture, unguided by anything found in the deed itself, in order to correct an apparent error. The deed may have effect in exact accordance with its terms, except as to one of the boundaries,—the last,—which, as both parties agree, is erroneously located by the terms of the deed; and as to that boundary the deed itself, in terms which we are not justified in regarding as erroneous, expresses the intention of the parties. We thus read the deed, and give effect to it as it is, where no error or inconsistency is apparent,

and only when error becomes apparent do we need to resort to principles of construction. From the definite and admitted place of beginning we follow the three first courses and distances given in the deed, in respect to which there is no apparent error; and when we come to the fourth boundary, where error first appears, and which is conceded to be erroneously located by the terms of the deed, we still follow the language of the deed, and run "thence  *  *  *  to the place of beginning," rejecting as erroneous the given course and distance. We thus give effect to what must here be regarded as the more certain element in the description of this last line of boundary, making it to terminate at the place admitted to be the intended terminal point, and disregarding the less certain description by course and distance. This is sanctioned by the same reasons upon which is founded the rule that points or boundaries made certain by fixed monuments are to be regarded, to the exclusion of inconsistent courses and distances. If what we have indicated is the proper construction and legal effect of the deed, the plaintiffs are affected by it. They and their grantors purchased with constructive notice of it, and were chargeable with notice of the prior conveyance, according to its legal construction and effect.

Order affirmed.

(Opinion published 51 N. W. Rep. 476.)