IRBY *v.* DRUSCH.

4-9714                                                247 S. W. 2d 204

Substituted opinion delivered March 24, 1952.

(Original opinion delivered February 25)

*Arthur Sneed,* for appellant.

*Ira C. Langley* and *E. G. Ward,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by Emil Drusch to quiet his title to a farm in Clay County. Drusch purchased the property at a foreclosure sale in 1929 and had possession through tenants until 1943. This suit was filed in 1948. A receiver was appointed below, who collected the rents until the final decree was entered in 1951. There were several defendants, but only W. O. Irby and his wife have appealed from the decree quieting title in Drusch. Upon this appeal each side attacks the legal sufficiency of land descriptions appearing in the opponent's muniments of title.

We can dispose of the Irbys' claim of title in a few words. Irby undertook to buy the farm from J. H. Glidewell in 1943. Before that year Glidewell had been Drusch's tenant, but in January, 1943, Glidewell attempted to buy the land from a drainage district. The district's title was void, however, as it had no title to part of the property and as to the rest the descriptions in its foreclosure suit were such as "E of R.R. NE SE Sec. 18," etc. In *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225, we held that in a tax proceeding the abbreviation "R.R." for railroad is fatally defective, as it is not in general use with reference to government surveys.

Although the Irbys' claim of title is invalid they were in possession when this suit was filed and are therefore in a position to question the title asserted by Drusch. In 1915 Drusch lent $2,313 to John Ridenour and took a deed of trust upon this farm as security. This deed of trust purports to describe the farm by metes and bounds, but the Irbys raise the point that the description does not close. From the point of beginning, which is an established section corner, the description runs west for a given distance and thence north for a given distance. It then continues eastward along a jagged line consisting of eight short calls. The final call is "thence south 17.996 chains to the place of beginning." The trouble is that

this last call does not close the description; instead, it takes the surveyor to a point that is about 395 feet northeast of the point of beginning. For the final call to reach the starting point it would, according to a plat introduced by a surveyor, have to run approximately south ten degrees west instead of due south and would have to extend for about 20 chains instead of 17.996 chains.

Ridenour failed to pay his debt to Drusch, and the deed of trust was foreclosed, Drusch buying the property at the foreclosure sale. The entire foreclosure proceedings, including the commissioner's deed upon which Drusch now relies, contain the same defective description that we have mentioned.

Drusch contends that the description is good for the reason that the final call purports to return "to the place of beginning." His argument is that we should disregard both course and distance and hold good any description that ends with a call going back to the point of beginning. While the authorities do not go quite this far they do sustain the validity of the description now in question. The matter has arisen so frequently in litigation that the cases have definitely established the applicable principles.

In the simplest situation the next to the last call goes to a known monument, the location of which is not in dispute, and the final call returns by a given course and for a given distance to the point of beginning. The problem is then merely that of drawing a straight line between two established points, and the courts have no hesitancy in disregarding even the most flagrant errors in the recited course and distance. For example, in *Warden* v. *Harris,* 47 S. W. 834 (Tex. Civ. App.), the final call in this situation was "thence south 744 varas to the beginning." For the description to close the call should have been north instead of south and 518 varas instead of 744. The court disregarded these errors and held the description good.

In a second situation there is something in the preceding calls that suggests that an error has been made.

Here the courts do not woodenly say that the final call must nevertheless proceed from the point then reached to the place of beginning. Assume, for instance, that a description begins at a certain point and runs "thence west 100 feet, thence north 100 feet, thence west 100 feet, thence south 100 feet to the point of beginning." It is at once apparent that either the first or third call should have been east instead of west. No court would insist that the first three calls should be followed literally and that the final call should then proceed willy-nilly to the point of beginning, thus describing two triangular tracts in lieu of the square that was evidently intended. See, for example, *Morgan* v. *Lewis*, 29 Ky. L. Rep. 197, 92 S. W. 970, where a surveyor was able to demonstrate, by reversing the order of the calls, that an intermediate call should have been 194 poles instead of 294 poles. The court rejected the contention that in every case the last line should be run to the point of beginning, pointing out that such a rule "is undoubtedly correct within reasonable bounds" only.

Still a third situation is presented in the case at bar. The penultimate call does not purport to arrive at an established monument, but there is nothing in the preceding language of the description to indicate that any particular call is erroneous. In these circumstances the rule is that the mistake in course and distance must yield to the expressed intention to return to the point of beginning. A case of this kind was presented in *Simpkins' Adm'r* v. *Wells*, 19 Ky. L. Rep. 881, 42 S. W. 348, where the final call was "thence north 20 poles to the beginning." The call should have been north five degrees ten seconds east 141 poles in order for it to reach the starting point. The court upheld the description. See, also, *Link* v. *Jones*, 15 Colo. App. 281, 62 P. 339; *Owings* v. *Freeman*, 48 Minn. 483, 51 N. W. 476; *Cowles* v. *Reavis*, 109 N. C. 417, 13 S. E. 930.

In the present case the flaw in the final call is relatively slight; the difference in direction is only about ten degrees and in distance only about ten per cent. Even such a slight variation would naturally be subject to cor-

rection in a suit for reformation or to quiet title as against the world. Here, however, the question is simply whether the description is good against one who relies upon peaceable possession alone, and we have no doubt that it is.

Affirmed.