RODGER *v.* CRAIN.

5-2690                                              357 S. W. 2d 527

Opinion delivered May 28, 1962.

*Jeff Duty,* for appellant.

*Little & Enfield,* for appellee.

JIM JOHNSON, Associate Justice.   This is an appeal from a decree of the Benton County Chancery Court ordering reformation and specific performance of a contract for the sale of land and abatement of the purchase price.

For reversal appellant contends that the trial court erred in decreeing abatement.

Appellant John E. Rodger, is the owner of a rectangular tract of land located on Highway No. 68 near the city limits of Siloam Springs. Each corner of the tract is plainly marked by an 8'' x 8'' crosstie. The entire tract is fenced.

Sometime prior to March 6, 1961, appellee, George Crain, and appellant entered into a discussion concerning the purchase of this tract of land by appellee. The appellant went over the land with appellee and pointed out the corner post and the fence line.   When questioned about this by the court appellee testified as follows: ''Q. Did I understand you correctly to say that some-

where down toward the south there is a fence running east and west? A. Right, and we went to that, it went down to that fence, supposed to be 400 feet and I knew there was plenty of room for what I wanted, in fact more so I didn't go down there to that fence.'' The fence line on the east was substantially on the 20 acre line. The appellant told appellee that he would sell him the entire tract for the flat sum of $4,000. The parties had a contract drawn setting out their agreement. When the contract was written, appellee testified that neither he nor Mr. Rodger knew the exact size of this tract of land. Mrs. Doris Elrod, the scrivener who prepared the instrument, with reference to the dictation of the land description testified that ''Mr. Crain (appellee) as I recall, did all the talking.'' The description which appears in the contract is as follows:

A tract of land beginning at the NE corner of Lot 1 of Rodger's Sub-division No. 1 of the NW 1/4 of the SW 1/4 of Sec. 4, Twp. 17 N., Rge. 33 W., running thence east *approximately* 330 feet to the 20-acre line, thence south 400 feet, thence west *approximately* 330 feet to the southeast corner of said Lot 1, thence north 400 feet to place of beginning (*said tract to be more accurately described in the deed conveying said lands to the Buyer*). (Emphasis ours.)

Concerning this description Mrs. Elrod further testified ''Q. I notice you say in the contract 'said tract will be more accurately described in the deed' . . . A. Well we put that in there because they didn't know the exact footage.'' After the contract was written it was suggested by the appellee that Mr. Rodger have the land surveyed to ascertain the exact size of the tract. This was done by Mr. Rodger and on the survey it was revealed that the dimensions were 270.9 and 274.4 by 400 feet deep running to the 20 acre line. Appellee said he thought there were 330 by 400 feet in the tract. Mr. Rodger thereupon offered to tear up the earnest money check and the contract. Mr. Crain refused, stating to Mr. Rodger that he wanted the land. It is undisputed

that appellee was acquainted with this property even before talking to Mr. Rodger about purchasing it and it is clear from the testimony that he was buying all the land under fence.

From these and other facts contained in the record we are called upon, on trial *de novo,* to determine whether, as previously stated, the trial court erred in decreeing an abatement of the purchase price. One of the best settled rules in the law of real property is that "where the descriptions of the boundaries of a tract are uncertain and conflicting, distances yield to courses and courses to monuments." *Paschal* v. *Swepston,* 120 Ark. 230, 179 S. W. 339. These monuments may be natural or artificial, *Hughes* v. *Yates,* 228 Ark. 860, 311 S. W. 2d 179. This being true, it is our view that the four 8"x8" crosstie corner posts here involved constitute such artificial monuments as to fall within this rule. Another rule applicable to the case at bar is set forth in the case of *Taliaferro* v. *Boyd,* 115 Ark. 297, 171 S. W. 105, wherein it is said that it is essential that the party addressed should trust the representations and be so thoroughly induced by it that judging from the ordinary experience of mankind in the absence of it he would not in all reasonable probability have entered into the contract or other transaction. Then in 37 C. J. S., p. 271, § 29, it is stated as the test: " . . . he must show that he would not have acted but for such representation." From the record before us we have been unable to find at any point where appellee has shown that he would not have acted had he known the exact footage of the land here in question. We did find that he testified: "If I had known it was 270 feet there *might* have been a different story." This testimony does not meet the test. It follows, therefore, that the portion of the Chancellor's decree which ordered the abatement of the purchase price is reversed and the cause is remanded for the entry of a decree awarding the full purchase price.

Reversed.