ARK. STATE HIGHWAY COMM. *v.* WADDELL.

5-3697                                      396 S. W. 2d 840

Opinion delivered December 13, 1965.

*Mark E. Woolsey* and *Phil Stratton,* for appellant.

*William S. Walker, Joe D. Villines, Jim B. Spears,* for appellee.

PAUL WARD, Associate Justice. This is an eminent domain case involving a small parcel of land in the town of Bellefonte, Boone County, Arkansas, situated on the north side of U. S. Highway No. 65. For convenience, we will at times refer to the subject parcel of land as "parcel-x."

The Arkansas Highway Commission (appellant) claims a right-of-way easement over parcel-x by virtue of a condemnation order and judgment of the Boone County Court entered of record April 2, 1928. J. E. Waddell and wife (appellees) claim ownership of parcel-x (together with other lands) by virtue of a warranty deed from J. Frank Robinson and wife, dated March 3, 1944 (shown in the abstract of title as appellees' Exhibit No. 1).

When appellant started to improve and broaden U. S. Highway No. 65 where it runs through the town of Bellefonte appellees objected on the ground that appellant was about to appropriate, without remuneration, parcel-x which belonged to them. Accordingly appellees, on January 29, 1965, filed suit in chancery court to enjoin further action on behalf of appellant. Answering, appellant denied that appellees owned parcel-x, and affirmatively stated it had acquired an easement over the land in 1928, in the manner previously stated.

After a somewhat lengthy hearing, and after appellant's demurrer to the evidence had been overruled, the Chancellor made the following factual findings:

The preponderance of the evidence shows that appellees are the owners of the land in question which is adjacent to the highway and which is subject to whatever rights appellant may have by virtue of the said 1928 County Court Order; Thus, the burden shifts to appellant to show notice of the Order has been given to the then owner of the land; This burden has not been met in this

case; ''The taking of the road for highway purposes . . . follows an old road or highway and amounted to a widening of the old original highway,'' consequently. appellees are not precluded by the one year limitation on filing a claim for the taking of this property; Appellant is hereby enjoined from entering upon the land here involved unless and until it furnishes surety for payment of such sums as might later be awarded to appellees. It was further ordered that appellant be notified of any claim filed by appellees in the County Court for compensation for taking of the property. Appellant was ordered to execute a bond in the amount of $2500.

The court then entered a decree in accord with the above findings.

Seeking a reversal, appellant relies solely upon the following point:

''The Trial Court Erred in Overruling Defendant's Demurrer to the Evidence Based on Appellees' Failure to Prove Valid Record Title to the Lands in Dispute.''

It was appellant's theory in the trial of this case that appellees failed to prove record title for the reason that the description contained in their complaint and deed described no lands that could be located from monuments and calls in the description. After a careful study of the entire record, including several somewhat unintelligible maps of the town of Bellefonte, we are forced to the conclusion that the trial court was correct in overruling appellant's demurrer to the evidence.

The complaint filed by appellees and the deed from Robinson to them contains a description which is very hard to follow or understand, and we think it would serve no useful purpose to set it out in full. The description covers two pages in the abstract and consists largely of angles and measurements evidently determined by a surveyor. Appellant relies heavily, if not exclusively, on the testimony of a surveyor which shows the several measurements and angles do not form a complete enclosure. Therefore, says appellant, the description does

not describe any land that could be located from the county records or by any clue contained in the deed. Thus, appellant contends, appellees' title is defective. However, for reasons hereafter set forth, we cannot agree with the above argument and contention of appellant.

In our opinion the description of the property in this case does form a "complete enclosure." It contains not only numerous distances and angles but it refers to numerous markers and monuments such as streets, a branch, a spring, etc. In this kind of a situation we have held that degrees and measurement must yield to courses and monuments in many instances. See: *Garrett* v. *Musgrave*, 215 Ark. 835, 223 S. W. 2d 779, and *Stallcup* v. *Stevens*, 231 Ark. 317, 329 S. W. 2d 184. The last portion of the description reads: ". . . thence south 20 degrees west 205 feet to the place of beginning." It is the contention of appellant that the above distance and angle would not terminate at "the place of beginning." We held otherwise, under an almost identical fact situation, in the case of *Irby* v. *Drusch*, 220 Ark. 250, 247 S. W. 2d 204.

In addition to the above we also have the following factual situation. At the end of the long description above referred to there appears these words: ". . . said tract herein conveyed embraces lots 3, 5, 6 and 7 and a part of lot 4 of block 20, lots 4, 22, 25, 39 and a part of lot 5 of block 24, and lots 3 and 4 in block 31, all in the town of Bellefonte, Arkansas." Appellant's own Exhibit No. 2, which purports to be a plat (or a copy) of the town of Bellefonte, shows that lot 25 of block 24, lies along the north side of Highway No. 26.

In view of the above, we hold that the trial court was correct in overruling the defendants' demurrer to the evidence; and the decree is accordingly affirmed.

Affirmed.