O. U. GREEN et ux *v.* Edwin P. HIGGINS et ux

5-4416                                           424 S. W. 2d 882

Opinion delivered March 11, 1968

*Murphy & Burch,* for appellants.

*Hugh R. Kincaid,* for appellees.

CONLEY BYRD, Justice. This boundary dispute between appellants, O. U. Green et ux., and appellees, Edwin P. Higgins et ux., revolves around the location of the Wyman and Elkins Public Road in the SW ¼ of the NW¼ of Sec. 14, T 16 N, R 29 W, in Washington County, Arkansas.

The record shows an 1880 conveyance to Round Mountain School trustees of a portion of the said SW ¼ NW ¼ of Sec. 14 described as commencing 8 Rods South of NW corner, thence 20 Rods South, thence 16 Rods East, thence 20 Rods North, and thence West to the place of beginning. Thereafter Thomas C. Hastings, a common owner of both parties, on May 31, 1915, conveyed by warranty deed to J. M. Jackson as follows:

"Part of the South West (¼) of the *South* West (¼) of Section (14) fourteen Township (16) Sixteen Range (29) West Beginning at the Corner Stone at S. W. of the S. W. of Section 14 as aforesaid, Running East 40 Rods to the 'Senter' of the road then North Westerly along the road (58) Rods to the School ground then West (16) Rods to the

Section Line then South to Corner or place of Beginning.'' (Emphasis supplied.)

That instrument was acknowledged before B. N. Wood, a Justice of the Peace. Thereafter before a Notary Public, on August 3, 1918, Hastings quitclaimed to W. M. Meredith the following lands:

"A part of the South West quarter of the North West quarter of Section Fourteen (14), Township Sixteen (16) North, Range Twenty nine (29) West and more particularly described as—Beginning at the South West corner of said forty acre tract and running thence East Forty (40) rods, more or less, to the center of the Wyman and Elkins Public Road as the same now runs; thence in a North Westerly direction following the center of said Road, to the School House grounds, thence due West Sixteen (16) rods, more or less, to the West line of said forty acre tract and thence South Fifty two (52) rods, more or less, to the South West corner of said forty acre tract, the place of beginning—containing nine (9) acres, be the same more or less.''

The quitclaim deed to Meredith obviously was given to correct the erroneous quarter section description in the deed to Jackson.

Appellants acquired their title to the lands here in dispute under the identical metes and bounds description set out in the quitclaim to Meredith.

On June 25, 1918, Thomas C. Hastings conveyed by warranty deed to Geo. Bartle under the following description:

"... and the South West quarter of the North West quarter of Said Section—Except two acres out of the North West Corner of Said Forty acre Tract occupied as School house property and also Except

the following tract of land, to-wit. Beginning at the South West Corner of said Forty acre Tract, running thence East Forty Rods to the Center of the road; thence North Westerly with the road fifty Eight rods to the School ground; thence West Sixteen rods to the Section line, thence South to the Place of Beginning, ...''

All conveyances of the lands in appellees' title were made with this description until 11/17/1933 when N. W. Smith conveyed to Cora Lovelace under the following description:

''A part of the Southwest quarter of the Northwest quarter of Section Fourteen (14), described as follows, to-wit; beginning at a point which is forty (40) rods West of the South East corner of said forty acre tract, and running, thence North sixty-three (63) rods to the center of public road; thence West with the center of said road nineteen and one-half (19½) rods; thence Southwesterly seven (7) rods to the South East corner of the school ground; thence West with South line of School ground seven and three-fourths (7¾) rods to center of another public road; thence Southeasterly with the center of said road fifty-eight (58) rods to the place of beginning, containing eight (8) acres, more or less; ...'

Conveyances thereafter carried this description up to and including a deed dated 12/20/60 from W. B. Higgins et ux. to appellees. For some reason not explained by the abstract of the record, W. B. Higgins et ux. on 8/18/65 again conveyed to appellees under the following description:

''. . . Part of the Southwest quarter of the Northwest quarter of Section 14, in Township 16 North, of Range 29 West, described as beginning 40 rods west of the South East corner of said forty acre tract, and running, thence North 604.5 feet, more or

less, to Myers South line; thence West 321.75 feet, more or less to the existing Wyman 'and Elkins Public Road; thence Southeasterly with said road to the point of beginning. Also, beginning at a point on the South line of a Public road which is 1039.50 feet North and 981.75 feet West of the South East corner of said forty acre tract, and running, West bearing South with said road 115.50 feet to the SE corner of the School Ground Lot; thence continuing Westerly with said road 127.875 feet to the Existing Wyman and Elkins Public Road; thence Southeasterly with said road to a point due South of the point of beginning; thence North to the point of beginning.''

The only ownership claimed by appellees in this litigation is in the foregoing described lands. However, it will be noted that the Wyman to Elkins Public Road is the common boundary between the lands of appellees and their predecessors in title holding under Thomas C. Hastings, and those of appellants and their predecessors in title holding under the same common owner.

Some two years before appellees commenced this suit, appellants employed an engineer to survey their lands. He found that the center line of the existing county road from Wyman to Elkins crossed the southern boundary of the forty-acre tract 500 feet east of the SW corner and 820 feet west of the SE corner thereof. He also found that it meandered northwesterly until it crossed the southern boundary of the school property at a distance of 7.75 rods or 127.87 feet west of the SE corner of the school lot. He also discovered what he considered to be an old abandoned roadway which crossed the southern boundary of the forty-acre tract at a point 40 rods or 660 feet east and west of the respective SW and SE corners of the forty and meandered northwesterly to the SE corner of the school lot. Based upon the premise that the surveyor had found an old abandoned road which coincided with the metes and bounds descrip-

tions, appellants erected the fence along the same which precipitated this litigation.

William Duncan, age 86, testified that he had been acquainted with the Wyman-Elkins Road since 1900 and that it still ran in the same place that it had run every since he could remember. He referred to the old abandoned road found by the surveyor as a pathway used by "foot-backers" and folks on horseback when the regular road got muddy. He had never seen a vehicle on the old road or pathway. The southernmost end of the path left the "Wyman-Elkins Road pert near a quarter of a mile south of the schoolhouse, southeast."

Mrs. Fannie L. Calico, who has lived at Round Mountain for 65 years, testified that the Wyman-Elkins Road still ran the same place that it had run ever since she could remember, and that there was a path from the east side of the school ground that went up across the mountain and came out over there at a little store, but that it was at no time the Wyman-Elkins Road. Cows were driven down the path and it was a by-pass for school children when the main road was muddy.

Roxie Hastings Campbell, daughter of Thomas C. Hastings, testified that the Wyman-Elkins Road had always been located at the same place it is today. She stated that her father had sold the land on the southeast side of the Wyman-Elkins Road to Jackson. She referred to what the surveyor thought was an old abandoned roadway as a footpath across the hill, and was definite in stating that her father owned the land between the path and the Wyman-Elkins Road.

Witnesses on behalf of appellants stated that they had ridden horseback over the old abandoned road found by the surveyor and that they had seen wagons using it. They also stated that they had never heard the present public road referred to as the Wyman-Elkins Road until this lawsuit came up. Neither had they heard

the surveyor's old road referred to as the Wyman-Elkins Road.

The chancellor found that the present existing county road was the "Wyman-Elkins Road" and that it was the common boundary between the parties' lands. This finding is not contrary to a preponderance of the evidence.

Appellants point out that under the facts as developed, appellees' metes and bounds description, beginning with the deed from N. W. Smith to Cora Lovelace, lacked 160 feet in coming to a close, since the center of the road is 820 feet west of the SE corner of the forty and the point of beginning is only 40 rods or 660 feet west of the SE corner.

In contending the chancellor was in error, appellants make the following argument:

"The property description in appellants' deed is four-sided. The beginning point is the *Southwest* corner of the Southwest Quarter (SW ¼) of the Northwest Quarter (NW¼) and the first call extends forty (40) rods East. This point is same as the point of beginning in the appellees' description, which is forty (40) rods West of the *Southeast* corner of the same forty (40) acre tract. The Court will take judicial notice that a quarter section is eighty (80) rods on each side, there being no evidence to the contrary. This places the appellants' Southeast corner and the appellees' point of beginning in the exact identical spot. The appellees' point of beginning is measured from the Southeast corner and the appellants' from the Southwest corner of the forty (40) acre tract, which further verifies the certainty of this identical point.

"The point of conflict in the descriptions is the Northeast corner of appellants' property and the

Northwest corner of appellees' triangularly shaped property. Both are, by t heir respective metes and bounds descriptions in the center of 'a road' (the appellants in the center of the 'Wyman and Elkins Public Road as the same now runs', and the appellees 'to center of another public road'). According to appellants' next to last call this point should be 16 rods east of the west side of the forty (40) acre tract, which coincides with the southeast corner of the School Grounds as shown by stipulated Exhibit No. 11. According to appellees' metes and bounds description the northwest corner of appellees' property would fall in the center of the 'public road.'

Assuming this 'public road' is the Wyman-Elkins Road, by measurement, this point varies the 7¾ rods which is approximately the appellees' next to last call.''

This argument ignores the fact that the courses and distances in appellants' chain of title are to and from an ascertainable monument and that consequently the distances given in their deed must yield to the monuments. *Rodger* v. *Crain,* 235 Ark. 211, 357 S. W. 2d 527 (1962). For this reason, we hold appellants'contention[1] to be without merit, and need not examine his "next to last call" argument which he bases on *Irby* v. *Drusch,* 220 Ark. 250, 247 S. W. 2d 204 (1952). From the whole record, it is obvious that appellants are not entitled to claim any land east of the Wyman-Elkins Road, and that appellees' predecessors in title owned the lands and were attempting to convey to appellees that land lying immediately east of the road.

Next, appellant argues that the trial court obviously erred because the two triangles described in its de-

---

[1]Their contention is to the effect that we should ignore that portion of the last call running "... Southeasterly with the Center of said road...," and return in a straight line from appellees' northeasternmost call to his point of beginning.

cree overlap and the decree encroaches upon the school property. We do not understand the description in the decree as encroaching upon the school property. Furthermore, the overlapping of land calls in appellees' deed would not prevent the removal of the fence, since the trial court's only responsibility in this respect would be to determine that appellants had fenced the land of appellees.

Lastly, appellants argue that the trial court erred in requiring them to meet the same burden of proof as appellees, the plaintiffs below. This argument results from a statement in the chancellor's memorandum opinion which we do not interpret in the same light as do appellants. Even if appellants were correct in their interpretation of the chancellor's statement, we would have to find it a harmless error since it went only to the issue of whether appellees owned the land fenced, and the overwhelming evidence is that appellees owned the lands east of the Wyman-Elkins Road fenced by appellants.

Affirmed.