530

*Walter L. Brown, Claude E. Love* and *Howard Love,* for appellant.

*Surrey E. Gilliam, Shackleford & Shackleford* and *Melvin E. Mayfield,* for appellee.

HOLT, J. This litigation involves the title to 35 acres of land in Union County. This real estate was deeded by Tom Spooner and wife to School District No. 29, Union County, on July 17, 1926, under the following description: "Fractional NW¼ of the NW¼, section 28, township 19 south, range 16 west, containing 35 acres, more or less," which is conceded to be a faulty description. District No. 29 already owned a five-acre tract within the NW¼ of the NW¼, section 28, township 19 south, range 16 west, under a proper and valid description. This five acres on which the District had built its school building, dug a well and made all of its improvements is not involved here.

At the time (July 17, 1926) the above deed was made to the District, the 35-acre tract was described on the tax books under the above void description, in the name of Spooner and has remained on the tax books in Spooner's name and under the same faulty description.

This property forfeited for the 1926 taxes and was sold to Wallace McWilliams and Ira Whiddon under the above void description.

May 16, 1930, District No. 29 was consolidated with appellant, District No. 75, and thereafter no school was held in District No. 29.

It was stipulated: "Beginning with and including the year 1927, for each and every year down to and including the year 1949, the defendants, Ira Whiddon and Wallace McWilliams, paid the taxes on the 35 acres of land here involved, described as frl. NW of NW Sec. 28, 19 S, R. 16 W and that tax receipts were issued to them for such tax payments for each and every one of such years."

It is also undisputed that appellant paid no taxes and in fact made no attempt to pay during the above 20-year period.

March 12, 1951, McWilliams and Whiddon deeded (by quit claim deed) the 35 acres to A. L. Anthony, who now claims ownership.

The present action was brought by appellant March 3, 1949, in which it claimed title to the 35 acres and prayed that the tax deed to McWilliams and Whiddon, and their deed to Anthony, be canceled and the title be vested in appellant. Among the defenses interposed by appellees were laches and limitations. The trial court found all issues in favor of appellees and dismissed appellant's complaint for want of equity and this appeal followed. The decree of the court was correct.

The record reflects, as indicated, that appellees paid the taxes on the 35-acre tract involved for more than twenty years (from 1927 to 1949) and appellant made no effort to pay any taxes, claiming that it owned the

land and used it for school purposes, and that it was not subject to taxation.

Since appellant acquired its deed in 1926, the land has materially increased in value. The preponderance of the evidence shows that this tract was not used for school purposes after District No. 29 was consolidated with District No. 75 in 1930, down to date of the trial of this case. Following consolidation, all school buildings and other property were removed from the five-acre tract which appellant already owned and this tract together with the 35 acres involved ceased to be used for school purposes. While there was some evidence that District No. 75 in teaching a class in forestry under its vocational training program, occasionally went on this 35 acres and other adjoining lands to study forestry, the preponderance supports the Chancellor's findings that "the 35-acre tract of land here involved . . . was never by the plaintiff or by School District No. 29 of Union County, Arkansas, used for school purposes within the meaning of the law, and that the same was subject to the payment of taxes at all times. . . . Ira Whiddon and Wallace McWilliams, have each and every year from and after said tax sale in 1926, paid the taxes assessed against said lands down to and including the taxes due for the year 1949; that during said period neither the plaintiff nor its predecessor, School District No. 29, of Union County, Arkansas, paid any taxes on said lands, although said lands were subject to taxation for each of those years. . . . That the value of said lands at the time of the filing of this suit had increased to more than $4,000 during all of which period neither the plaintiff nor its predecessor, School District No. 29 of Union County, Arkansas, paid any taxes thereon and exercised no acts of dominion or possession thereof; said lands are now and have been during all of said period wild, uninclosed and unimproved lands. . . . Ira Whiddon and Wallace McWilliams, have exercised control and dominion over said lands and have sold right-of-ways across said lands, which right-of-ways to the extent of a width of 100 feet were cleaned and cleared across said lands, and that the plaintiff actually

knew or, by the exercise of any diligence on its part, could have known of the same and that right-of-way deeds were duly filed for record in the office of the Clerk and Recorder of Union County, Arkansas.

"That neither the plaintiff nor its predecessor, School District No. 29 of Union County, Arkansas, ever made or asserted any title or claim publicly to the lands here involved, and never at any time exercised any dominion thereover or used the same for school purposes within the meaning of the law. . . . That said 35-acre tract here involved was so described on the tax books under the same description as contained in its deed; that said description under which said property was assessed was plain, definite and fixed insofar as plaintiff is concerned."

The court further found that appellant was barred by limitations for the reason that it is undisputed appellees have paid the taxes on this 35-acre tract which is wild, uninclosed, and unimproved,—for a period of more than 15 years and therefore have acquired title under § 37-103, Ark. Stats. 1947. We think that the preponderance of the testimony supports these findings.

Section 37-103 provides: "Payment of taxes on wild and unimproved land—Presumption of color of title.— Payment of taxes on wild and unimproved land in this State by any person or his predecessor in title, for a period of fifteen (15) consecutive years (at least one of said payments being made after the passage of this act [section]), shall create a presumption of law that such person, or his predecessor in title, held color of title to said land prior to the first payment of taxes made as aforesaid, and that all such payments were made under color of title. [Acts 1929, No. 199, § 1, p. 1001; Pope's Dig., §§ 8921, 13601.]"

In construing the effect of this section when applied to one who has paid the taxes consecutively for fifteen years on wild, unimproved and uninclosed land without color of title, we held: (Headnote 4) "Taxation—Payment of Taxes.—One may acquire title under § 8920,

Pope's Digest, by paying taxes on the property for 7 consecutive years under color of title and under § 8921 (now § 37-103) persons having no color of title may acquire title by paying 15 consecutive tax payments provided that in either case the land is unoccupied, unenclosed and unimproved during all the time these payments are being made." *Schmeltzer* v. *Scheid*, 203 Ark. 274, 157 S. W. 2d 193.

Here, the District had notice, or with any reasonable investigation could have ascertained, that appellees were paying the taxes over a period of 15 years on this 35-acre tract and performing acts of ownership over it (as above indicated) and claiming to own it. While the description under which appellees claimed was faulty, it was evident that they were claiming all that remained of the NW¼ of the NW¼ of section 28, township 19, range 16 west, 35 acres, after appellant's 5-acre tract had been carved out of that 40 acres under a definite correct metes and bounds description, which located the 5 acres in the NW corner of the NW¼ of section 28, township 19, range 16 west, etc.

We think this was sufficient to identify this 35 acres claimed by appellees and entitled them to the benefits of § 37-103.

In such circumstances, the general rule appears to be as stated by the Annotator in 132 A. L. R., page 227, 4. "If the taxes as to the particular land claimed adversely are in fact paid, the fact that such land has not been accurately described in the assessment or in the tax receipts will not affect the efficacy of the payment as a compliance with the statute," and in *Burbridge* v. *Bradley Lumber Company of Arkansas*, 214 Ark. 135, 215 S. W. 2d 710, we said: "In C. J. 209, in discussing effect of misdescription in tax receipts, this statement appears: 'One who, under color of title acquired in good faith, has paid the taxes actually assessed against land is entitled to the benefit of the statute, notwithstanding the land may have been misdescribed in the tax receipts, and provided he is able to remove the uncertainty by extrinsic evidence.' And in 2 C. J. S. 749

this statement appears: '. . . if claimant pays the taxes on the land actually claimed, the fact that the land was misdescribed in the assessment or in the tax receipts is immaterial.' "

Accordingly, the decree is affirmed.

ED. F. McFADDIN, Justice (dissenting). I dissent from the majority holding, because I am of the opinion: (1) that the tax sale of the 35-acre tract was void; and (2) that the tax payments were made under a void description and, therefore, could never ripen into title under the Statute (§ 37-103 Ark. Stats.)

As to the first point: the 40-acre tract (NW¼ NW¼ Sec. 28) was not a fractional 40-acre tract, but was a full 40-acre tract. Therefore, the tax sale describing the 35 acres here involved as "Frl. NW¼ NW¼ Sec. 28 . . . 35 acres", was only another way of saying "Pt. NW¼ NW¼ Sec. 28—35 acres". Thus the tax sale was void. *Graysonia-Nashville Lumber Co.* v. *Wright,* 117 Ark. 151, 175 S. W. 405.

As to the second point: the appellee and his predecessors in title paid taxes on the 35-acre tract for approximately 20 years under the same void description, to-wit: "Frl. NW¼ NW¼ Sec. 28 . . . 35 acres". Before appellee can claim any benefits under § 37-103 Ark. Stats., the tax payment for each of the 15 years must have been made under a valid and legal description. As previously demonstrated, such valid and legal description does not exist in the case at bar. In *Phillips* v. *Michel,* 217 Ark. 865, 233 S. W. 2d 551, the tax payments were made under a "Pt." description. After holding § 37-103 Ark. Stats. inapplicable, for other reasons, we said:

"In addition, the tax payments by appellants were made under the same insufficient description which rendered their tax deed void."

Therefore, I am convinced that the majority is in error in allowing the appellee to claim any benefits under § 37-103 Ark. Stats.

Again, the majority says that the appellee should be allowed to introduce oral testimony to identify the 35

acres on which he claims to have paid the taxes. I disagree with that holding, because we have repeatedly held that a "pt." description in a tax sale or tax receipt cannot be aided by evidence *aliunde* to show which particular tract of the full government subdivision was covered by the letters "pt." These cases are collected in Jones' "Arkansas Titles", §§ 251 and 252.

Finally, the majority cites *Burbridge* v. *Bradley Lumber Co.*, 214 Ark. 135, 215 S. W. 2d 710, to sustain the majority's holding in the case at bar. The Burbridge case is clearly distinguishable from the case at bar, because in the Burbridge case, the land was in fact a fractional subdivision, whereas, here, the land is a full size governmental subdivision. I pointed out such distinction in my concurring opinion in the Burbridge case, in which I said:

"In the case at bar Burbridge—for more than 7 years—paid the taxes on *all* of the lands in the frl. SE¼ of Sec. 23, and such description appears on the tax receipts (which fact distinguishes this case from *Boynton* v. *Ashabranner,* 75 Ark. 415, 88 S. W. 566, 1011, 91 S. W. 20); but in Burbridge's receipts there were the letters 'R. B. R.', as previously mentioned. Since these letters are meaningless—as previously stated—we may disregard them as surplusage; and the result is that Burbridge held under a tax sale and deed validly and legally describing the land, and for more than 7 years paid the taxes on *all* of the lands in the Frl. SE¼ of said Sec. 23. The result is, that he is entitled to the benefits of § 8920, Pope's Digest."

The majority opinion in the case at bar was delivered on April 14, 1952, and this dissent is being written on July 11, 1952. The pressure of Court work prevented the writing of the dissent until the vacation period. It is of some consolation to me to note that in the case of *Watson* v. *Cornish, infra,* p. 662, 249 S. W. 2d 123, the opinion was delivered on June 2, 1952, and in that opinion, this Court unanimously recognized that a "frl." description was good only when the tract was in fact fractional.

For the reasons herein stated, I respectfully dissent.