WATSON *v.* CORNISH.

4-9821      249 S. W. 2d 123

Opinion delivered June 2, 1952.

*Jack Williamson,* for appellant.

*R. T. Boulware,* for appellee.

GRIFFIN SMITH, Chief Justice. Counsel for appellants, with commendable directness, states that the single question is whether a tax sale was valid when the land was described as "Pt. NW ¼ of Sec. 15, Twp. 16 S., Range 23 W., containing 60 acres."

The suit was brought by record owners to quiet title, the contention being that appellants claimed under a clerk's tax deed. The land was sold in 1947 for 1946 delinquencies. It is shown that for 15 or 20 years the land had been owned by the Cornish family and that it had been assessed as a *part* of the northwest quarter, as above shown. The Chancellor found that the sale was

---

void for want of an identifying description, but directed that appellants recover $34.22 for taxes, penalties, costs, and interest.

Appellants rely upon the fact that the Cotton Belt Railroad runs through the quarter section, hence the area is thought to be fractional. A number of witnesses testified that they knew where the Cornish lands were and the term *part* was not confusing or indefinite.

A fractional description is good if in fact the designated survey is fractional and the land sold embraces such fraction. See *Price* v. *Price,* 207 Ark. 804, 182 S. W. 2d 879. In the opinion Mr. Justice Knox calls attention to numerous decisions ". . . holding that a deed which describes the land as a *part* of a certain quarter section, or other governmental subdivision, without otherwise describing it, is void."

Affirmed.