DARR *v.* LAMBERT.

5-1247                                    305 S. W. 2d 333

Opinion delivered September 30, 1957.

*Robert J. White,* for appellant.

*Bob Bailey* and *Bob Bailey, Jr.,* and *Williams & Gardner,* for appellee.

PAUL WARD, Associate Justice. The question on this appeal is, in effect, what interest has each of the parties hereto in four parcels of land located in Sections 5, 6, and 7 in Township 6 North, Range 18 West, and also located in Galla Lake or Darr Lake. Actually the parties are litigating over certain monies deposited in the office of the Chancery Clerk of Pope County, but the distribution of the money depends upon the ownership of the land in question.

In 1949 the Pope County Drainage and Levee District No. 2 brought an action to condemn this property together with numerous other parcels of land. In this condemnation suit many parties were made defendants, among whom were the appellant and the appellees. At the conclusion of this suit the four parcels of land here in controversy were condemned and purchased by the said drainage and levee district, and a certain sum of money was set aside for each of the said four parcels of land. There was no appeal from this determination. In the condemnation suit each one of the said parcels was described and it was determined that in parcel No. 11 there were 6.88 acres; in parcel No. 16 there were 38 acres more or less; in parcel No. 19 there were 23.71 acres, and; in parcel No. 21 there were 32.69 acres. The amounts set aside for the several parcels were, respectively, as follows: $172.00, $950.00, $592.75, and $817.25. This is the money over which the parties to this appeal are litigating.

*Appellant's claim.* On April 7, 1952 an answer was filed in the aforesaid condemnation proceedings by appellant Irl Darr and several other heirs of one J. F. Darr, deceased. (Note: Irl Darr is the only one of these who has appealed).

Appellant's claim is based on the following state of facts which he contends is supported by the testimony: In 1898 the United States conveyed to one George H.

VanEtten certain land including Galla Lake, which of course includes the parcels of land here in controversy; A few years later the said VanEtten conveyed the land to J. F. Darr, and; He is an heir of the said J. F. Darr, and, by virtue thereof, he is an owner of an undivided 1/5 interest in each of the said four parcels of land. Appellant claims to have purchased a 2/5 interest in addition thereto, making him an owner of an undivided 3/5 interest in all the lands in controversy. Also he claims constructive possession of said lands, under color of title, for more than seven years, during all of which time he and his predecessors in title have paid the taxes.

*Appellees claim* that they, together with appellant, are the owners in fee of all the land which border on Galla Lake, that their title is derived from the State of Arkansas, and that by virtue of their riparian rights each one of them is entitled to his proportionate part of Galla Lake, which is conceded to be non-navigable.

*Findings of the Chancellor.* Each one of the parties hereto introduced oral testimony and also numerous exhibits consisting of an abstract of title of said lands and a large number of tax receipts introduced by appellant. The exhaustive written findings of facts and the conclusions of law prepared by the Chancellor and copied in appellant's brief indicate that he gave close and exhaustive study to the issues involved, and if they were not so exhaustive we could do no better than adopt same as our opinion in this case. The Chancellor found that appellant's claim could not be sustained for several reasons. Among these reasons were the following: The United States Government had no title to Galla Lake when it executed the deed to VanEtten in 1898 because said land had already passed to the State of Arkansas under the Swamp Land Act of 1850, and; Appellant's claim could not be sustained on the ground that he had paid taxes on the said lands for more than seven years under color of title. The Chancellor sustained appellees' claim on the ground that, as riparian owners, their title extended to the middle of Galla Lake which he found to be non-navigable.

Based on the above findings the Chancellor set out the exact amount of money which the appellant and each one of the appellees were entitled to receive in respect to the amount deposited for each particular parcel of land. These amounts are set out in the decree of the Chancellor and are now a matter of record in Pope County and need not therefore be set forth herein.

We have given careful consideration to the entire record and have concluded that the findings of the Chancellor should be sustained. It is conceded by all parties that the findings of the Chancellor are correct as to parcel 19, therefore this opinion relates only to the other three parcels of land.

It is somewhat difficult to determine whether appellant's claim to the title of the land herein involved is based on the U. S. Government conveyance to his ancestor's grantor, or whether it is based entirely on color of title and payment of taxes, but in either event his contention cannot be sustained. As stated before, these lands passed from the United States Government to the State of Arkansas under the Swamp Lands Act of 1850 and therefore the federal government had no title to convey to VanEtten in 1898. Moreover the conveyance from the United States Government to VanEtten has been lost and has never been placed of record, and likewise the purported deed from VanEtten to J. F. Darr has been lost and never placed of record. Still further there is absolutely no showing that either one of these instruments contains a clear and definite description of the lands.

The tax statements show that appellant paid taxes on an indefinite description in regard to each parcel of land. For example: As to parcel No. 11, the description is "part SW 1/4 of NW 1/4 Sec. 5, 26.78 acres", while in the condemnation suit it is described as a part of W 1/2 of NW 1/4 of Sec. 5, 6.88 acres; As to parcel No. 16, the description is "part SE 1/4 Sec. 6, 128.80 acres," while the condemnation description is part N 1/2 SE 1/4 Sec. 6, 38 acres, and; As to parcel No. 21 there is no land shown in the E 1/2 of NE 1/4 Sec. 6

although the condemnation suit shows 32.69 acres in that particular call.

Appellant bases his claim "on color of title and payment of taxes", quoting from Arkansas Statutes § 37-102, which provides in substance that unimproved and uninclosed lands shall be deemed and held to be in possession of the person who pays the taxes thereon under color of title for at least seven years.

Appellant cites several cases holding in effect that the payment of taxes under color of title for seven consecutive years upon wild and unoccupied lands confers title by limitation. It is conceded by all parties that the land here involved is wild and unoccupied or unimproved and uninclosed, and it is recognized that, generally speaking, the rule above announced is correct.

Under the undisputed facts in this case, however, appellant cannot take advantage of the above mentioned rule for the reason that the descriptions of the lands herein involved are indefinite as has already been shown. This court has many times held that a tax deed containing an indefinite description—such as "Part NE 1/4 70 acres" and "West part of SW 1/4 of NE 1/4 30 acres"—is not only void but does not constitute color of title. See: *Dickinson* v. *Arkansas City Improvement Co.,* 77 Ark. 570, 92 S. W. 21, *Gannon* v. *Moore,* 83 Ark. 196, 104 S. W. 139, *Halliburton* v. *Brinkley,* 135 Ark. 592, 204 S. W. 213, and *Kennedy* v. *Burns,* 140 Ark. 367, 215 S. W. 618.

Appellant lays great stress on the holding in the case of *Junction City Special School District No. 75* v. *Widdon,* 220 Ark. 530, 249 S. W. 2d 990, quoting extensively therefrom. In the cited case appellee had paid taxes for more than fifteen years on 35 acres of ground described in the tax receipts as "Fractional NW 1/4 of NW 1/4", containing 35 acres more or less, and this court held that he had good title to the land under the provisions of Ark. Stats. § 37-103. Under this section of the statute it is not necessary for the claimant to have color of title since the payment of taxes for more

than 15 years raises the presumption of color of title. It is the contention of appellant that the holding of this court in the cited case entitles him to a reversal here, because it is not disputed that appellant had paid taxes on the land as described in the tax receipts for more than 15 years.

We have given careful consideration to the holding in the *Whiddon* case and have come to the conclusion that it affords no relief to appellant, because the facts in that case are different from the facts in the case under consideration. This court, in deciding the *Whiddon* case, evidently did not feel satisfied to rely solely upon the fractional description in reaching the conclusion it did. We say this because there the court mentions several other considerations which must have influenced the conclusion it reached. We mention some of these considerations as follows: (a) Appellant had not made any attempt to pay taxes on the land in question during all of the years that appellee paid thereon, during which time the land increased in value more than $4,000; (b) It was stated that appellee exercised control and dominion over the lands, selling a right-of-way across said lands which had a width of 100 feet and which was cleared across said lands; (c) It was stated that appellant knew or by the exercise of due diligence on its part could have known of appellee's dominion over the land and particularly of the right of way and the deeds executed therefore, and; (d) The court stated that the description was definite in so far as appellant was concerned. The reason the court said this was appellant already owned 5 acres of land in the said 40 acre tract and so must have known that the remainder consisted of 35 acres. The court also stated that appellant had notice or could easily have found out that appellee was paying taxes on this land for a period of more than 15 years and that appellant permitted acts of ownership over the land.

None of the many reasons that apparently influenced this court in the *Whiddon* case in reaching the decision it did is present in the case under considera-

tion. It may also be noted that on June 2, 1952, less than 2 months after the decision in the *Whiddon* case, this court, in the case of *Watson* v. *Cornish,* 220 Ark. 662. 249 S. W. 2d 123, held void a description which read "Pt. NW 1/4 of Sec. 15, Twp. 16 S, Range 23 W., containing 60 acres". It was there also pointed out that "A fractional description is good if in fact the designated survey is fractional and the land sold embraces such fraction", citing *Price* v. *Price,* 207 Ark. 804, 182 S. W. 2d 879. There is no contention of course that the section here involved was surveyed as fractional sections.

Since we find no error in the Chancellor's decree the same is affirmed.