MILLER *v.* BEST.

5-2829                                    361 S. W. 2d 737

Opinion delivered November 19, 1962.

*W. H. Botts* and *George E. Pike,* for appellant.

*Chris Carpenter,* for appellee.

GEORGE ROSE SMITH, J. This is essentially an action in ejectment. The 30-acre tract in question was apparently owned by Mertice Best Miller at her death intestate in 1935. If so, title then passed to her brother and sister, the appellees; but Mertice's surviving husband, Tom Miller, remained in possession under his curtesy right. In 1952 Tom Miller executed a deed by which, after reserving a life estate in himself, he purportedly conveyed the fee title to his three brothers, the defendants below.

Tom Miller died in 1953, and his brothers took possession of the tract. The appellees, contending that they acquired a possessory right upon Tom's death, brought this action in 1955 to recover the land and the 1954 and 1955 rents. The Miller brothers defended the suit not so much upon a claim of title in themselves as upon the ground that the plaintiffs were unable to prove their own title and therefore could not prevail in ejectment. *Beloate* v. *Hathcoat,* 208 Ark. 1100, 188 S. W. 2d 619. At the close of the proof the trial court directed a verdict for the plaintiffs on the issue of title and submitted the claim for rents to the jury, who found for the defendants upon that issue.

The appellants are right in their contention that the court erred in directing a verdict for the plaintiffs on the issue of title. The proof is demonstrably defective in that it does not supply a legally sufficient description of the 30 acres in controversy. In the absence of such a description it would be manifestly impossible for the trial court to frame a judgment directing that the plaintiffs be put in possession of the land.

In their pleadings and proof the plaintiffs sought to trace their chain of title back to their father, A. N. Best, as a common source of title. The deeds to Best, however, were patently invalid for want of an exact description of the property being conveyed. Here are the descriptions from three of the deeds:

1. "Thirty acres in the Northern part of Spanish Grant No. 2425 and West and adjoining the ten acre tract known as the Will Lemons tract."

2. "Forty (40) acres in the Northern part of Spanish Grant No. 2425, adjoining the ten (10) acre tract known as the Will Lemons tract."

3. "North Western part of Spanish Grant No. 2425 containing (20) acres twenty acres, more or less, same being all the land owned by us in said Grant No. 2425, having previously sold [by the other two deeds] balance owned by us to A. N. Best."

It is settled that "part" descriptions such as these are void for indefiniteness. *Ketchum* v. *Cook,* 220 Ark. 320, 247 S. W. 2d 1002. Although a surveyor testified that he was able to locate the tracts from the descriptions that we have quoted, he must have relied upon physical evidence such as fences, for the language of the deeds supplies no clue that could lead to an identification of the property. The rule is that the conveyance itself must furnish that clue. *Turrentine* v. *Thompson,* 193 Ark. 253, 99 S. W. 2d 585.

This surveyor also produced a plat that purportedly portrays a 70-acre tract (of which the land now in controversy is a part) that lies in the northwest corner of Spanish Grant No. 2425. The plat is incomplete, however, in that it shows a rectangular tract that does not lie square with the compass, but the extent of the deviation is not specified. It would thus be impossible to use this plat as a means of locating the land in controversy.

Both the amended complaint and the trial court's judgment identify the parcel in dispute as the south 30 acres of a 70-acre tract that is described by metes and

bounds. The trouble is that the accuracy of this description is not established by the proof. Indeed, if the rectangular 70-acre tract lies at almost a 45-degree variation from the points of the compass, as the surveyor's plat indicates, it may be doubted whether a reference to the south 30 acres of a tract so situated is a definite description.

The trial court, in directing a verdict for the plaintiffs, apparently took the view that Tom Miller's possession was not adverse to the plaintiffs' title and may even have inured to their benefit. Even so, the plaintiffs had the burden of proving their right to the possession of a specific tract of land, and in the absence of an exact identification of the property that burden was not met. The case must therefore be remanded for a new trial upon the issue of title—in part, at least, a question of fact.

There is a second issue. One of the defendants, Byron Miller, died on February 24, 1960, and the cause was not revived in the names of his administrator and his heirs until August 8, 1961. The appellants contend that after the death of a defendant in an action for the recovery of real property only, the cause must be revived against the heirs within a year. Ark. Stats. 1947, §§ 27-1013 and 27-1014. It is therefore insisted that in the case at bar the order of revivor came too late.

A sufficient answer to this argument is that the present action is not one for the recovery of real property only. The complaint asked judgment for the rents that had been collected by Byron Miller and his brothers. Byron's heirs would not be personally liable upon this claim for rents, *Cavender* v. *Smith,* 8 Iowa 360; so it was properly a demand against Byron's estate. Hence it became necessary to revive the cause in the name of Byron's administrator as well as in the names of his heirs (who had inherited his claim to the land).

The statute provides that an order to revive against the personal representative *and* the heirs cannot be made until after six months from the qualification of the per-

sonal representative. Ark. Stats., § 27-1015. Since a period of a year is then allowed for the entry of the order, § 27-1016, it is apparent that the revivor in the case at bar, having been made within eighteen months after the death of Byron Miller, was timely. See *Peay* v. *Pulaski County,* 103 Ark. 601, 148 S. W. 491.

Reversed and remanded for a new trial.