CHARLES v. PIERCE.

5-3236                                             378 S. W. 2d 213

Opinion delivered April 27, 1964.

[Rehearing denied May 25, 1964.]

*Dorothy Dixon Hatchett, Neill Reed* and *U. A. Gentry,* for appellant.

*Gordon & Gordon,* for appellee.

CARLETON HARRIS, Chief Justice. T. O. Cullum died intestate in Van Buren County in 1928, leaving a widow, Laura, and no lineal descendants. Accordingly, the widow was endowed of an undivided one-half interest in the real estate owned by her husband, and the brothers and sisters (or descendants) of Cullum inherited the other half. Cullum and his wife had deeded ten acres of land in 1915 to Anna Johnson. Cullum was the owner of the Northeast Quarter of the Southeast Quarter of Section 31, with the exception of the ten acres, and of the Southwest Quarter of the Southwest Quarter of Section 32, Township 11 North, Range 12 West, by patent from the U. S. Government. On January 17, 1934, Laura

Cullum gave a mortgage to appellee, Ball Ground Monument Co., Inc., on a "part of the Northeast Quarter of the Southeast Quarter of Section 31, 30 acres," and a "part of the Southwest Quarter of the Southwest Quarter, 30 acres" of Section 32, Township 11 North, Range 12 West, to secure the payment of a certain indebtedness. Thereafter, on November 22, 1935, for the recited consideration of the cancellation of the mortgage indebtedness, Laura Cullum gave a deed to the Ball Ground Monument Company for the lands described in the mortgage. In 1951, the Monument Company, reserving all mineral and oil rights, conveyed the land to C. J. Pierce, one of the appellees herein, the deed reciting the same description as the deed to Ball from Mrs. Cullum. The balance of the land in dispute, ten acres, located in the Southwest Quarter of the Southwest Quarter of Section 32, was conveyed through a number of persons, all using indefinite descriptions (part or fractional) until it was acquired in 1953 by Pierce. Laura Cullum died intestate in 1957 or 1958 without lineal descendants, leaving certain brothers and sisters, or their descendants, as her heirs at law. Suit was instituted in November, 1962, by some of the appellants as heirs of Laura Cullum, and, subsequently, collateral heirs of T. O. Cullum intervened, adopting the allegations in the complaint, and both groups of heirs prayed that their interest in the lands be fixed and their title quieted. The complaint subsequently was amended to allege that the lands in question were wild, unimproved and unenclosed timber lands. After the overruling of a demurrer, Pierce answered, asserting that he and his predecessors in title had been in adverse possession of the premises involved for over twenty-five years, and had paid the taxes thereon for that period of time; laches was also pleaded. Subsequently, Ball Monument Company intervened, as a matter of protecting its mineral interests, and appellants cross-complained for $250.00 against the company, alleging the wrongful cutting of timber. After the filing of various other pleadings and stipulations, the cause proceeded to trial. The court dismissed the complaint, together with the amendments and the Cullum intervention, and quieted title to

the lands in Pierce, under a definite description, subject to the mineral rights held by Ball Ground Monument Company. From the decree so entered, appellants bring this appeal.

At the outset, it will be noted that, as far as any of the property in litigation is concerned, Pierce did not receive any conveyance from any party which contained a valid description of the property conveyed.

There is no dispute but that the lands involved are wild, unimproved, and unenclosed. Therefore, as far as acquiring title by adverse possession for seven years, Pierce could only attain such title under the statute relating to the payment of taxes for seven or more successive years *under color of title*. See Ark. Stat. Ann. § 37-102 (Repl. 1962). "Part descriptions are void for indefiniteness." *Miller* v. *Best,* 235 Ark. 737, 361 S. W. 2d 737. A void deed is not color of title. *Darr* v. *Lambert,* 228 Ark. 16, 305 S. W. 2d 333, and cases cited therein.

As to the Northeast Quarter of the Southeast Quarter, less the ten acres originally deeded to Anna Johnson, we find that the Chancellor correctly held for appellee, but this is due to the fact that the ten acres (Johnson) was definitely described. Though the conveyance to Pierce of the other thirty acres in the Northeast Quarter of the Southeast Quarter only contained a part description, and was therefore void, our holding in *Junction City Special School District No. 75* v. *Whiddon,* 220 Ark. 530, 249 S. W. 2d 990, is applicable to this situation. In that case, appellees had obtained a deed containing a void description to lands that were wild and unimproved, but had paid taxes on same for more than twenty years. The conveyance described the land as fractional Northwest Quarter, Northwest Quarter, Section 28 * * *, containing thirty-five acres. The remainder of the Northwest Quarter of the Northwest Quarter, five acres, was held by the appellant school district under a valid description during the twenty-year period. Suit was instituted by appellant, claiming title to the thirty-five acres. In affirming the Chancery Court, this court stated:

"Here, the District had notice, or with any reasonable investigation could have ascertained, that appellees were paying the taxes over a period of 15 years on this 35-acre tract and performing acts of ownership over it (as above indicated) and claiming to own it. While the description under which appellees claimed was faulty, it was evident that they were claiming all that remained of the NW ¼ of the NW¼ of section 28, township 19, range 16 west, 35 acres, after appellant's 5-acre tract had been carved out of that 40 acres under a definite correct metes and bounds description, which located the 5 acres in the NW corner of the NW ¼ of section 28, township 19, range 16 west, etc.

"We think this was sufficient to identify this 35 acres claimed by appellees and entitled them to the benefits of § 37-103."

Here, as previously stated, ten acres had been deeded during the lifetime of Cullum and his wife to Anna Johnson, the deed containing a metes and bounds description, and its location is easily ascertainable. As in *Junction City*, it was apparent that appellees were claiming all that remained of the Northeast Quarter of the Southeast Quarter, and this was sufficient to identify this thirty acres claimed by Pierce under the fifteen year statute (§ 37-103, Presumption of Color of Title).

However, these circumstances are not present with reference to the forty acres described as Southwest Quarter of the Southwest Quarter of Section 32. This property was also acquired under void descriptions, though Pierce and his predecessors in title paid the taxes for a long number of years. Thirty acres was acquired under a part description in 1951, and the other ten acres was acquired under a part description in 1953. Pierce thereafter proceeded to pay on the entire forty, but this period of time, of course, falls far short of fifteen years. The payment of taxes by Pierce and his predecessors is of no aid to appellees, because it could not be ascertained from the descriptions the particular property that was being paid on; *i.e.*, it cannot be determined *what part* of the land Pierce and his predecessors were

claiming. The *Whiddon* holding is of no aid as far as this particular forty acres is concerned, because no part of this acreage is definitely described. It is true that many of the factors that were present in *Whiddon* are likewise present in this litigation. For instance, appellants have made no effort to pay taxes on the land in question during all of these years; the property has increased in value; the appellees and predecessors have exercised, to some extent, dominion over the lands,[1] and several of the appellants had lived in the vicinity for a period of time. However, the one additional fact, which with all of the aforementioned facts, caused this court to affirm the *Whiddon* case, is not present in this litigation. This was mentioned in *Darr* v. *Lambert, supra.* There appellant relied in large measure upon the *Whiddon* holding, but this contention was rejected. The court (referring to Whiddon) said:

"The court stated that the description was definite in so far as appellant was concerned. The reason the court said this was appellant already owned 5 acres of land in the said 40 acre tract and so must have known that the remainder consisted of 35 acres."

In *Watson* v. *Cornish,* 220 Ark. 662, 249 S. W. 2d 123, handed down a few months after the *Whiddon* decision, we held the description "pt. NW ¼ of Sec. 15, Twp. 16 S, Range 23 W, containing 60 acres" to be void for want of an identifying description.

"The suit was brought by record owners to quiet title, the contention being that appellants claimed under a clerk's tax deed. The land was sold in 1947 for 1946 delinquencies. It is shown that for 15 or 20 years the land had been owned by the Cornish family and that it had been assessed as a *part* of the northwest quarter, as above shown. The Chancellor found that the sale was void for want of an identifying description, * * *"

---

[1] Ball Company sold a small amount of timber off the land, and Pierce has caused surveys to be made, with the property lines marked by white paint on trees. Pierce also stated that the timber stand had been improved by virtue of the fact that the undesirable timber had been removed.

The opinion mentioned the case of *Price* v. *Price,* 207 Ark. 804, 182 S. W. 2d 879, where the court held ''that a deed which describes the land as a *part* of a certain quarter section, or other governmental subdivision, without otherwise describing it, is void.''

Appellee also relies upon the defense of laches, but we do not feel that this is a proper defense under the facts in this case. Offhand it might be mentioned that the record reflects that Mr. Pierce was advised, soon after the purchase from Ball Ground Monument Company, by Clifford Stobaugh, employee of Pierce and former County Surveyor, that the description was indefinite, and did not identify the property purchased. In other words, Pierce had notice of the defects of his title, and is hardly in a position to complain that he was injured or misled by the failure of appellants to earlier assert their title. In *Herget* v. *McLeod,* 102 Ark. 59, 143 S. W. 103, we said:

''In *Fordyce* v. *Vickers,* 99 Ark. 500, it is said: 'The true owner of the land can not be divested of his title thereto by the mere failure to pay taxes and the enhancement of it in value. The doctrine of laches is founded upon the principle, not only that there has been a delay in the payment of taxes by the owner, indicating either that he considers his claim to the land worthless or a total abandonment of his right to the property, and in the meanwhile a great enhancement in the value thereof, but also upon the ground that the party asserting the claim to it has good reason to believe that the alleged rights are worthless or have been abandoned, and, acting upon such belief, has paid taxes upon the land *under color of title*[2a] for at least the period of time named by the statute of limitation.'

''It will thus appear that, before the plea of laches can be available to deprive the true owner of his land, it must be shown that the party claiming same and his grantors have, prior to the commencement of the suit, paid the taxes upon the land *under color of title*[2b] for at

[2a], [2b] Emphasis supplied.

least seven years, the statutory period of limitation. The fact that the true owner has failed to pay taxes on the land for a period longer than seven years will not alone bar him; but it must also appear that during such period the defendant and those under whom he claims have themselves paid taxes thereon for at least seven years prior to the institution of the suit before the true owner can be declared barred by laches."

To summarize, appellees, because of the indefinite descriptions, held void deeds, and the circumstance which overcame or rectified the insufficient description in the Northeast Quarter of the Southeast Quarter is not present in the forty under discussion, *i.e., Whiddon* cannot apply.

As previously stated, though taxes had been paid for more than fifteen years, color of title cannot be presumed because the lands situated in the Southwest Quarter of the Southwest Quarter could not be located from the description used.

It follows from what has been said that the decree of the Chancellor is affirmed in part, and reversed in part, and this cause is remanded to the Van Buren Chancery Court with directions to proceed in a manner not inconsistent with this opinion.

Mr. Justice McFADDIN dissents in part.

ED. F. McFADDIN, Associate Justice (dissenting in part). I dissent from that portion of the Majority Opinion which holds that the appellee Pierce, has shown a good title to the lands in the NE ¼ of the SE ¼, and which confirms the title of the appellee to said lands. The Majority reaches its conclusion because of the holding of this Court in *Junction City School District* v. *Whiddon*, 220 Ark. 530, 249 S. W. 2d 990. I wrote a dissenting opinion in that case; and for the same reasons therein stated I dissent in the present case. I regard the holding in *Junction City* v. *Whiddon* to be unsound and I hereby preserve my dissent.