ROE HIGGINBOTTOM ET UX *v.* J. B. HIGGINBOTTOM
ET UX

5-5058                                              447 S. W. 2d 149

Opinon delivered November 24, 1969

*Sullivan & Causbie,* for appellants.

*D. Leonard Lingo* and *Harry L. Ponder,* for appellees.

J. FRED JONES, Justice. On October 29, 1958, Hardy Higginbottom, then 86 years of age, undertook to convey by warranty deed to his youngest son, Roe, an interest in Sharp County land under description as follows:

"My undivided one-half interest in and to the following described lands, to-wit: A part of the W½ SE¼ Sec. 20, Containing 76 acres; the NW¼ NE¼, Sec. 29 containing 40 acres, all in Twp. 17 N. R. 4 west, subject to a mortgage to the Federal Land Bank of St. Louis.

Reserving unto my self all of the use and benefits including all rents profits from the above lands and premises."

The deed recited $10 and other consideration but Roe testified that he considered the conveyance as a gift of the land, prompted perhaps by the fact that he was the youngest child and had suffered some financial reverses. The deed was mailed to Roe at his home in Indiana soon after it was executed but was not placed of record in Sharp County until soon after Mr. Hardy Higginbottom died intestate on December 8, 1965.

Roe took possession of the lands under the deed and on May 2, 1966, the other children of Hardy Higginbottom filed suit in the Sharp County Chancery Court to set the deed aside on various grounds, including undue influence, incompetency of the grantor, and a void description as to the 76 acres. The complaint prayed also for an accounting and partition. The chancellor found that Hardy Higginbottom was competent and under no undue influence at the time the deed was executed; that the deed was a volunary conveyance and conveyed good title to the 40 acre tract accurately described, but conveyed no title to the 76 acres because of inaccurate and void description. The decree recites as follows:

"Therefore, it is by the Court considered, ordered, adjudged and decreed that the deed executed by Hardy Higginbottom, deceased, to Roe Higginbottom, dated October 29, 1958, and appearing of record in Deed Record A-5 at page 483 in the Recorder's Office for Sharp County, Arkansas, insofar as it relates to part of the West Half (W½) of the Southeast Quarter (SE¼) of Section Twenty (20), containing 76 acres, in Township Seventeen (17) North, Range Four (4) West, subject to a mortgage to the Federal Land Bank of St. Louis, be, and the same is hereby, cancelled, set aside, and held for naught. It is further considered, ordered, adjudged and decreed by the Court that said deed insofar as it relates to the Northwest Quarter (NW¼) of the Northeast Quarter (NE¼) of Section Twenty-nine

(29), containing 40 acres, in Township Seventeen (17) North, Range Four (4) West, subject to a mortgage to the Federal Land Bank of St. Louis, is a valid conveyance of said 40 acre tract of land and by reason thereof the defendant, Roe Higginbottom, is vested with title to an undivided one-half interest by reason of said conveyance.

This cause is hereby continued for further proceedings on the prayer of plaintiff's complaint for a partitioning of said lands and accounting for rents.''

Roe Higginbottom has appealed from so much of the chancellor's decree that holds the deed void as to the 76 acres and states his point relied on as follows:

''The court erred in rendering a decree in favor of the plaintiffs for the following reasons:

1. Because of the basic principle laid down by this court in the case of *Dorr* v. *School District No. 26,* etc. wherein the court stated that a deed is not to be held void for uncertainty if by any reasonable construction it can be made available.

2. Because the plaintiffs in the allegation in their complaint at page 1 of the transcript used the same description that is set out in the deed, about which they complain. Then the defendants in their answer admitted that they were in possession of that same land. There was no dispute in any part of either the complaint, the answer or the evidence with regard to the land that was involved.

3. Because it is admitted by the appellees that there is no dispute about the land that is involved in the law suit. In the discussion of the case during the trial one of the attorneys for the appellees said: 'There is no question but what a family group of people here in Sharp County, own certain land in Sharp County. There is no question about who it is

that make up that family group. There is no question about what land they own. There may be some argument about the interest—the amount of interest that different ones of them have in the tract—but there is no question about the identity of the individuals that do own the tract of land and there is not any argument about what that tract of land is.'

4. Because the appellees in their allegation used the description that they say is indefinite and the defendants in their answer admitted that they were in the possession of the land that had been set forth in the complaint of the plaintiffs. Or, in other words the plaintiffs state that the land is described a certain way. Then the defendants answering admit that the land of which they took possession is the same as described in the complaint. The plaintiffs are, in effect, attacking their own description."

The appellant cites in support of his argument on the point relied on, *Dorr* v. *School District*, 40 Ark. 237, and *Walker* v. *David*, 68 Ark. 544, 60 S. W. 418.

The *Dorr* case is distinguishable from the case at bar on the facts. In *Dorr* a Mr. Edwards donated three acres of land for a church, schoolhouse and cemetery. The property was surveyed and described by metes and bounds and a plat was made and recorded. A church and schoolhouse were built and a cemetery was established on the land. The cemetery had been dedicated for more than ten years when Dorr, who had purchased from Edwards the entire quarter section in which the three acres was included, brought suit in ejectment against the school district. The deed to the school district described the land as follows:

"A certain parcel of land lying and being in the county of Independence, commencing at a blackgum tree standing near the road and graveyard, near the residence of Benjamin I. Edwards, run-

ning north 40 poles to a stone, thence east 12 poles to a stone, thence south 40 poles, thence west 12 poles to the place of beginning, containing three acres, including said school house and graveyard.''

In *Walker,* the grantors owned no other land than that conveyed and they put their grantee into possession. This court's own language in the *Walker* case distinguishes it from the case at bar. In *Walker* this court said:

"The circumstances here are that Cook and his wife owned the north half of the west half of the southwest quarter of section 30, containing 44 acres, *and owned no other land in that section.* The land was improved and nearly all under fence. They sold it to Lymus Walker, and put him in possession of it, describing it in the deed which they executed and delivered to him as the north part of the southwest quarter of section 30, etc., containing 44 acres, more or less. Now, apart from the circumstances surrounding the conveyance, a description of that kind shows *prima facie* an intention to convey 44 acres off the north part of the west half of the quarter section laid off in the shape of a rectangular parallelogram with the north line of the west half of the quarter section as one of its sides. *Watson* v. *Crutcher,* 56 Ark. 44. The proof shows that a rectangular tract containing 44 acres laid off in that way in the north part of the west half of the quarter section would take exactly the north half of the west half of the quarter section. And the circumstances in proof show that such a construction of the deed coincides with the intention of the parties thereto. Though a description in a deed which is clear and unambiguous cannot be set aside by parol proof of the acts of the parties, either before or after the deed, still in a case of doubtful description it is competent to look to the construction placed on the deed by the parties themselves as an aid to ascertain its meaning. 1 Jones, Real Prop. § 334; *Har-*

*ris* v. *Oakley,* 130 N. Y. 1.'' (Emphasis supplied).

In the case at bar it is apparent that the parties all knew the location of the land involved and the extent of the land owned by Hardy Higginbottom, as argued by the appellants. But it is also apparent from the record that Hardy Higginbottom did not attempt to include in the deed, all the land he owned and that he did in fact own other land not included in the deed to Roe. There is nothing in the record to indicate that the grantor did not own the remaining part of the west half of the southwest quarter of Section 20, other than the 76 acre part recited in the deed. The chancellor obviously recognized the problem Roe would encounter in attempting to separate the 76 acre part conveyed to him from the remaining part that was not conveyed, in the event he should attempt to convey title by deed to the land he owned, or in the event of partition.

The chancellor found that the conveyance was a voluntary gift, and this finding is supported by the evidence. No reformation of the deed is requested and there was no contractual obligation or consideration to support reformation. We agree with the appellees that this case is controlled by the rules announced in such cases as *Smith* v. *Smith,* 80 Ark. 459, 97 S. W. 439; *Moore* v. *Jackson,* 164 Ark. 602, 262 S. W. 653, and the other cases cited by the appellees and that the decree of the chancellor should be affirmed.

Affirmed.

BYRD, J., not participating.