Carey and Patsy WYATT *v.*
ARKANSAS GAME & FISH COMMISSION

CA 03-845                                    189 S.W.3d 514

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered June 30, 2004

*Oscar Stilley*, for appellant.

*Marian M. McMullan* and *Kelly Halstead*; and *James F. Goodhart*, for appellee.

JOSEPHINE LINKER HART, Judge. This appeal is brought from an order quieting title to ten acres of land in the Arkansas Game & Fish Commission (AGFC). Appellants, who occupy approximately three of the ten acres, argue that the AGFC's deed

contains an indefinite description, which should not have been construed to pass title to the ten acres. We agree and reverse and remand the case.

The ten acres at issue are located in the SE 1/4 of the NE 1/4 of Section 11 in Newton County. Cave Creek meanders through the quarter in such a way that ten acres lie north and west of it. Appellants occupy three of the ten acres under a 1998 deed that contains the following description: "Part of the SE 1/4 of the NE 1/4 of Section 11, Township 15 North, Range 19 West, containing 3 acres more or less." Appellants admit that their deed contains an indefinite description because it does not particularly locate the three acres within the quarter. Nevertheless, they have asserted a claim to three acres lying north and west of Cave Creek since 1998. In 2000, the AGFC received a deed conveying "that part of the SE 1/4 of the NE 1/4 containing 7 acres, lying West and North of Cave Creek." Although the AGFC's deed, on its face, conveyed seven acres, the AGFC interpreted the deed to convey the entire ten-acre tract lying north and west of the creek, based on the rule of construction that references in a deed to acreage are secondary to references to artificial and natural monuments.

In 2001, the AGFC attempted to remove appellants from the subject area by filing a criminal-trespass action. Appellants sued the AGFC to quiet title to their three acres. The AGFC answered that appellants' title was void for lack of a definite description, and it counterclaimed to quiet title to the ten acres in itself. Alternatively, the AGFC asserted that, if it were not the titleholder of the ten acres by virtue of its deed, it was entitled to ownership of the property by virtue of its and its predecessors' adverse possession.

On September 16, 2002, the AGFC filed a motion for summary judgment, arguing that its deed should be interpreted to convey all ten acres lying north and west of the creek. Relying on the above mentioned rule of construction, the AGFC argued that, if the deed's reference to seven acres was removed from the description, as shown in the bracketed portion that follows, the deed would describe the entire acreage lying north and west of the creek as: "that part of the SE 1/4 of the NE 1/4 [containing 7 acres] lying West and North of Cave Creek. . . ." The AGFC's motion was accompanied by the affidavit of its own surveyor, Steve Parish, and the affidavit of another surveyor, William Cochrane, interpreting the legal description in the AGFC deed as transferring all of the land in the SE 1/4 of the NE 1/4 lying north and west of the creek.

Appellants, recognizing the infirmity in their own deed, responded to the motion by abandoning their quiet-title action and instead challenged the AGFC's ability to quiet title to the ten acres on the strength of its own deed.[1] They asserted that the AGFC's deed was indefinite because it failed to identify which seven acres of the ten acres lying north and west of the creek were being conveyed. Appellants further argued that the AGFC was not entitled to have its deed reformed to reflect a conveyance of all ten acres lying north and west of the creek.

After a hearing, the trial court granted summary judgment to the AGFC and deleted the deed's reference to seven acres. The court then entered an order interpreting the land description in the AGFC's deed as follows:

> All of the property lying West and North of Cave Creek in the SE 1/4 of the NE 1/4 of Section 11, Township 15 North, Range 19 West, Newton County, Arkansas.

The court did not address the AGFC's claim for adverse possession, having ruled in the AGFC's favor on the deed. Appellants now appeal from that order.

■ ■ Normally, on a summary-judgment appeal, the evidence is viewed in the light most favorable to the party resisting the motion, with any doubts and inferences being resolved against the moving party. *Clarendon Nat'l Ins. Co. v. Roberts*, 82 Ark. App. 515, 120 S.W.3d 141 (2003); *Tunnel v. Progressive N. Ins. Co.*, 80 Ark. App. 215, 95 S.W.3d 1 (2003). However, where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. *See Browning v. Hicks*, 243 Ark. 394, 420 S.W.2d 545 (1967); *Clarendon Nat'l Ins. Co. v. Roberts, supra; Tunnel v. Progressive N. Ins. Co., supra.* In the proceedings below, the trial court considered the issue regarding the interpretation of the AGFC's deed as one of law, and appellants' counsel agreed. On appeal, appellants do not argue that a fact

---

[1] In an action to quiet title, the plaintiff (or in this case, the counterclaimant) must recover on the strength of his own title and not on the weakness of the defendant's title. *Wyatt v. Wycough*, 232 Ark. 760, 341 S.W.2d 18 (1960). Further, even though appellants' deed is void for lack of definiteness, appellants, being in possession of part of the disputed property, may still challenge the validity of the AGFC's deed. *See Irby v. Drusch*, 220 Ark. 250, 247 S.W.2d 204 (1952).

question remains but ask us to review the trial court's conclusion of law interpreting the AGFC deed as conveying ten acres. Therefore, the usual summary-judgment review standards do not pertain, and we will simply determine whether the AGFC was entitled to judgment as a matter of law. *See Browning v. Hicks, supra.*

In interpreting the AGFC deed as conveying all ten acres north and west of the creek, the trial court cited *Dierks Lumber & Coal Co. v. Tedford,* 201 Ark. 789, 146 S.W.2d 918 (1941), and *Turner v. Rice,* 178 Ark. 300, 10 S.W.2d 885 (1928), for the proposition that the acreage mentioned in a deed does not control the description of the granted premises. It is true that there are circumstances in which the quantity of acreage recited in a deed must yield to the land as described by monument, whether natural or artificial. Numerous cases have recognized that, where the quantity of acreage and the conveyance as described by monuments are in conflict, monuments are preferred to quantity of acres or distances in interpreting the deed. *See Rodger v. Crain,* 235 Ark. 211, 357 S.W.2d 527 (1962) (holding that, where a sales contract mistakenly recited boundary lines as being 330 feet when in fact they were about 270 feet, the corner-post monuments furnished the true description); *Wyatt v. Wycough,* 232 Ark. 760, 341 S.W.2d 18 (1960) (holding that incorrectly stated acreage does not lessen the certainty of the description where the description can be ascertained by reference to a river bed); *Scott v. Dunkel Box & Lumber Co.,* 106 Ark. 83, 152 S.W. 1025 (1912) (holding that the quantity of land recited in a description will be rejected if it is inconsistent with the actual area of the premises as indicated and ascertained by known monuments and boundaries). However, the trial court's usage of that rule in the case at bar was not well founded and resulted in the trial court's reforming the deed rather than merely interpreting it.

In the AGFC deed, there is no inconsistency between the quantity of land recited and the boundaries as shown by monuments, *i.e.,* Cave Creek. In fact, the reference to acreage and the reference to the creek are easily reconcilable. The deed simply conveys seven acres and then locates those acres north and west of the creek. Thus, the conveyance itself is not described by the creek but solely by acreage; the creek is mentioned only as a directional indicator of where the seven deeded acres lie, *i.e.,* north and west of the creek. As such, there is no need to elevate monuments over

acreage, and the deed should be interpreted as it reads on its face, conveying seven acres lying north and west of the creek.

█  When that is done, it is apparent that the deed contains an indefinite "part" description. A deed containing an indefinite property description is void and does not constitute color of title. *Belcher v. Stone*, 67 Ark. App. 256, 998 S.W.2d 759 (1999). Further, an indefinite description conveys no title. *See Browning v. Hicks, supra.* The supreme court has recognized that deeds containing so-called "part" descriptions are void for uncertainty. *See Higginbottom v. Higginbottom*, 247 Ark. 694, 447 S.W.2d 149 (1969); *Charles v. Pierce*, 238 Ark. 22, 378 S.W.2d 213 (1964); *Darr v. Lambert*, 228 Ark. 16, 305 S.W.2d 333 (1957).

██  As the AGFC recognizes, a part description gives no indicators or keys as to how to locate the land. That is the situation before us. The deed conveys seven acres in a larger, ten-acre plot. However the boundaries of that seven acres are not ascertainable; it is not possible to discern which seven of the ten acres were deeded. Thus, like appellants' admittedly indefinite deed, which does not locate its three acres within the forty-acre tract, the AGFC's deed does not locate its seven acres within the ten-acre tract, and is likewise too indefinite to support an action to quiet title.

The dissent would alter the deed's language to convey "all that part" of the quarter-quarter section lying west and north of Cave Creek. But that is, in essence, rewriting the deed. Further, we disagree with the dissent's declaration that the words "that part of" constitute a term of art that would mandate a conveyance of the entire ten acres. The phrase "that part" is not a term of art but simply a common way of indicating that something less than the entire parcel is being conveyed.

Based on the foregoing, we reverse the trial court's summary-judgment order and remand the case to permit the AGFC to pursue its claim for adverse possession, should it choose to do so.

Reversed and remanded.

PITTMAN, GRIFFEN, NEAL, and BAKER, JJ., agree.

ROAF, J., dissents.

ANDREE LAYTON ROAF, Judge, dissenting. I dissent from the majority and would affirm this case. The majority has

completely ignored the most important words in the legal description at issue in this case, and has ignored appellee Arkansas Game and Fish Commission's argument to the trial court and on appeal. I agree with appellee and the trial court that this description is not a true "part" description that is void for vagueness. A "part" description provides no indication as to where a portion of land is located within a larger parcel. However, "*that* part of . . ." is a term of art in legal descriptions to designate *where* within a larger parcel the property at issue may be found. In this case, the description designates "that part" of the quarter section that lies west and north of a creek, with the remaining boundaries provided by the lines of the quarter section that the creek intersects. Since it can be determined what part of the property is being conveyed, this case is simply not governed by the line of cases relied on by the appellant and the majority. *See Charles v. Pierce*, 238 Ark. 22, 378 S.W.2d 213 (1964) (stating that it cannot be determined what part of the land appellee is claiming because no part of this acreage is definitely described). Thus, the trial court correctly relied on the line of cases, cited by the majority, in concluding that the acreage mentioned in a deed does not control the description of the granted premises, but must yield to the land described by a monument, whether natural or artificial. *See, e.g., Dierks Lumber & Coal Co. v. Tedford*, 201 Ark. 789, 146 S.W.2d 918 (1941). Here, the creek is the monument, and the description points to precisely that part of the larger area enclosed by the creek and the section lines.