William F. HORN et al *v.* Guy BLANEY et al

CA 79-247                                   597 S.W. 2d 109

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Released for publication April 16, 1980

*Richard L. Peel,* for appellants.

*Gardner & Gardner,* for appellees.

ERNIE E. WRIGHT, Chief Judge. The appellants, heirs at law of William F. Horn, deceased, bring this appeal from a decree of the trial court quieting and confirming title to the E ½ of the NW ¼, Section 8, Township 12 North, Range 17 West, in Pope County in the appellees.

William F. Horn and his family started homestead improvements upon the above described land in 1931. A patent was issued to Mr. Horn in 1935. He dug a well, built a two room cabin, a barn and corn crib on the property. He cleared about an acre or acre and a half, built a rail fence around the clearing and the family resided on the homestead until the house burned in about 1940. The family then moved to California and never thereafter occupied or utilized the land.

The land, although not subject to taxation as it belonged to the United States Government, forfeited for 1905 taxes and in 1950 was sold by the State Land Commissioner to Guy Blaney and his three brothers. The deed from the Land Commissioner to the appellees was duly filed and recorded in Pope County in 1950.

The appellants answered the petition, claimed ownership as the heirs of William F. Horn, deceased, and asked that the appellees' petition be denied and dismissed.

The decree found the land is wild, unimproved and unenclosed, that taxes had been continuously paid by the appellees for 29 consecutive years, and that title should be quieted and confirmed in appellees.

Appellants assert for reversal that the evidence did not show the taxes had been paid by appellees or that the land was wild, unimproved and unenclosed.

From a review of the evidence we conclude the finding of the chancellor that the land was wild, unimproved and un-

enclosed was not contrary to the preponderance of the evidence. The property was abandoned about the year 1940 when the homestead cabin burned and it has not been in the actual possession of anyone since that time. The old dug well covered with brush is still on the property, but the rail fence around the small clearing and the limited buildings have long been gone. The property was permitted to substantially revert to its natural state. *Moore* v. *Morris,* 118 Ark. 516, 177 S.W. 6 (1915).

It is clear the appellees have color of title to the land by virtue of the 1950 deed from the State Land Commissioner even though the land belonged to the United States in 1905 and the tax sale was void. *Fuller* v. *Terrill,* 226 Ark. 1040, 295 S.W. 2d 625 (1956). Therefore, the appellees would have been entitled to a decree quieting title upon proof of payment of taxes for seven years continuously after obtaining the Commissioner's deed, *Towson* v. *Denson,* 74 Ark. 302, 86 S.W. 661 (1905). Ark. Stat. Ann. § 37-102 (Repl. 1962), provides:

> Unimproved and unenclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act unless he and those under whom he claims shall have paid such taxes for at least seven years in succession, and not less than three of such payments must be made subsequent to the passage of this act.

Likewise appellees upon proof of payment of taxes for 15 consecutive years would have been entitled to a decree quieting title under Ark. Stat. Ann. § 37-103 (Repl. 1962), which provides:

> Payment of taxes on wild and unimproved land in this State by any person or his predecessor in title, for a period of fifteen consecutive years (at least one of said payments being made after the passage of this act), shall create a presumption of law that such person, or his predecessor in title, held color of title to said land prior to the first payment of taxes made as aforesaid, and that

all such payments were made under color of title.

However, we find the evidence as to who actually paid the taxes from 1950 to 1978 was not fully developed. It was merely shown by the county clerk that the land was assessed during that period in the name "Blaney Brothers" and that the taxes had been paid. There was no proof as to who actually paid the taxes and the clerk stated he was not testifying as to who paid the taxes. Proof that appellees paid the taxes for at least seven consecutive years after obtaining their deed is essential to invoke the benefit of § 37-102, and proof that appellees paid the taxes for 15 consecutive years is required to permit quieting title under § 37-103. Mere proof the taxes were paid does not suffice.

As it is apparent the record was not fully developed on this point, and we are unable to determine that appellees in fact paid the taxes for the required time, we exercise our discretion and remand the case with directions that the parties be permitted to offer further evidence on this point. *Worthen Bank and Trust* v. *United Underwriters,* 251 Ark. 454, 474 S.W. 2d 899 (1971). *Arnett et ux* v. *Lillard,* 247 Ark. 931, 448 S.W. 2d 626 (1970).

Reversed and remanded.