Lucian D. WEAST and Sibyl J. Weast *v.* HEREINAFTER DESCRIBED LANDS; and Rudolph Laho, et al.

CA 90-176                                       803 S.W.2d 565

Court of Appeals of Arkansas
Division I
Opinion delivered February 20, 1991

*Michael E. Kelly*, for appellant.

*Gresham & Kirkpatrick*, for appellee.

JAMES R. COOPER, Judge. The appellants in this property case filed a petition under Ark. Code Ann. § 18-11-102 (1987) to quiet title and establish their possession of wild and unenclosed lands, asserting that they had paid taxes on those lands for over seven years under color of title. The chancellor concluded that the appellants had failed to establish color of title and dismissed the appellants' complaint. From that decision, comes this appeal.

For reversal, the appellant contends that the chancellor erred in ruling that color of title is not created by a deed from a

man to himself and his wife made for the express purpose of creating color of title. We affirm.

The facts are not in serious dispute. The record shows that the appellee, Ruth Ann Metzger, obtained record title to the property through a series of conveyances from her father to her sister to herself by quitclaim deed. The appellant, Lucian D. Weast, purchased the property for delinquent taxes and was issued a tax deed on December 15, 1977. The tax deed contained a void description. On December 17, 1980, Lucian D. Weast, along with his spouse, Sibyl J. Weast, executed their warranty deed to themselves, which they recorded the following day. This deed contained an accurate description of the property, and the Weasts have paid all taxes due on the property from 1974 taxes through current 1988 taxes. Neither the appellants nor the appellees were in actual possession of the property.

Because the tax deed was void for lack of an adequate description, *see Charles* v. *Pierce*, 238 Ark. 22, 378 S.W.2d 213 (1964), the question before this Court is whether the appellants' deed to themselves constitutes color of title to establish possession of the property under Ark. Code Ann. § 18-11-102 (1987), which provides that:

> Unimproved and unenclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he has color of title thereto, but no person shall be entitled to invoke the benefit of this section unless he, and those under whom he claims, shall have paid the taxes for at least seven (7) years in succession.

The chancellor found that the deed was a simulation that did not constitute color of title.

The effect of fabricated color of title was discussed in *Bailey* v. *Jarvis*, 212 Ark. 675, 208 S.W.2d 13 (1948), where our Supreme Court quoted with approval the case of *State* v. *King*, 77 W. Va. 37, 87 S.E. 170 (1915):

> "Color of title is not, in law, title at all. It is a void paper, having the semblence of a muniment of title, to which, for certain purposes, the law attributes certain qualities of title. Its chief office or purpose is to define the limits of the claim under it. Nevertheless, it must purport to pass title.

In form, it must be a deed, a will, or some other paper or instrument by which title usually and ordinarily passes. Such qualities as are imputed to it by the law, for limited purposes, are purely ficticious and are accorded to it only to work out just results. Fictions are never used in procedure or law for any other purpose. (Citing cases)."

It was [in *King, supra,*] further said: "To permit it to become the shield and protection of admitted fabrication of papers having the muniments of title, such as forged deeds and wills and deeds made by men having no titles, at the instance of persons having knowledge of their lack of title, for the express purpose of founding claims thereon, would be a flagrant perversion of it to unworthy purposes and a departure from the judicial intent and design in the adoption thereof."

*Bailey* v. *Jarvis*, 212 Ark. at 680.

We think that there was sufficient evidence in the case at bar to support a finding that the deed in question was admittedly made for the purpose of creating color of title upon which to found a claim. Sibyl Weast testified that the deed from the Weasts to themselves was executed, on their attorney's advice, "for the purpose to clear the title, color of title." Under these circumstances, we hold that the chancellor did not err in ruling that the Weasts' deed did not create color of title in them, and we affirm.

Affirmed.

DANIELSON and MAYFIELD, JJ., agree.