

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV–15–1025

| | |
|---|---|
| ERNESTINE DODSON<br>APPELLANT<br><br>V.<br><br>HEIDI LOVELACE<br>APPELLEE | **Opinion Delivered:** May 18, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION<br>[NO. 60CV-13-3069]<br><br>HONORABLE CATHLEEN V. COMPTON, JUDGE<br><br>REVERSED |

## RAYMOND R. ABRAMSON, Judge

Ernestine Dodson appeals the Pulaski County Circuit Court's order quieting title to a residential property in Little Rock in the name of Heidi Lovelace. On appeal, Ernestine argues that the circuit court erred in finding that Heidi established prima facie title pursuant to Arkansas Code Annotated section 18-60-506 (Repl. 2015). Ernestine additionally argues that the court exceeded its jurisdiction by ordering her to quiet title of the property to Heidi and to pay her ex-husband, Eugene Jones, his one-half interest in the property. We reverse.

Ernestine and Eugene bought 8 Timber Valley Cove in 1978. In 1982, Ernestine and Eugene divorced. Their divorce decree, issued by the Pulaski County Circuit Court, provided that

> [Ernestine] shall be entitled to possession of the parties' residence located at #8 Timber Valley, Little Rock, Arkansas. [Ernestine] shall pay the monthly mortgage payment, including the principal, interest, taxes, and insurance, provided that said residence shall be sold if [Ernestine] fails to make payments for two (2) months. At the time this property is sold, the net proceeds from said sale shall be divided equally

except that [Ernestine] shall be given credit for each and every house payment she has made subsequent to May 27, 1982.

Ernestine continued to live at the residence until she remarried and bought a home with her new husband in 1990. At that time, she entered into a lease-purchase agreement with her brother, Michael Lovelace, and his then-wife, Heidi. The lease-purchase agreement provides in part as follows:

LEASE PURCHASE AGREEMENT

. . . .
1. Seller agrees to sell and purchaser agrees to purchase that certain tract of land in Pulaski County, Arkansas, described as follows:

Lot 38, Pecan Lake, addition to the City of Little Rock

Street Address: #8 Timber Valley Cove, Little Rock, AR 72204

2. The purchase [illegible] is $40,093.28 to be paid in full in or about 18 years in monthly payments [illegible] of principal and interest in the amount of $371.86 plus mortgage insurance and other escrow items assessed during each annual assessment. Said payment is due on the first of each and is delinquent around the fifteenth.

3. It is expressly agreed and understood that:
. . . .
Purchaser agrees to allow seller to claim any and all interest paid on loan until loan is fully assumed.
. . . .
Purchaser agrees to make each payment as required and to avoid damaging seller credit rating and understands that if payments are in arrears for more than 60 days, seller will automatically void contract and all payments will be applied as rent.

The agreement lists Ernestine as the seller and Michael and Heidi as the purchasers.

In 2003, Eugene filed a claim against Ernestine in their divorce action concerning 8 Timber Valley Cove. The court found that Ernestine had improperly entered into the lease-purchase agreement without Eugene's consent. Accordingly, on August 6, 2004, the circuit court entered an order directing Ernestine and Eugene to sell 8 Timber Valley Cove and to

equally divide the net proceeds from the sale minus Ernestine's credit for the mortgage payments she had made after the 1982 divorce decree. However, the house was not sold.

In January 2007, Ernestine gave Michael and Heidi a letter that provided as follows:

> As of December 21, 2007, you have satisfied your mortgage contract we made, you have fulfilled your obligations. Please keep in mind that you have to pay for the insurance, taxes, and other expenses associated with this property. I will forward any and all papers to you as received. As I said before, a clear property title cannot be transferred to you at this time, until Eugene signs the [quitclaim.] May I suggest that you contact an attorney for advice.

After receiving the letter, Michael and Heidi continued to live at the property but stopped making the monthly payments. In 2011, Michael and Heidi divorced, and Michael relinquished any interest in the house. In 2012, Ernestine issued Heidi a notice of eviction, but Heidi did not vacate the house.

On August 5, 2013, Heidi filed a complaint against Ernestine and Eugene for their failure to transfer title of 8 Timber Valley Cove. She alleged nine claims against Ernestine: (1) breach of contract, (2) fraud, (3) unjust enrichment, (4) negligence, (5) conversion, (6) trespass to chattels, (7) intentional misrepresentation, (8) defalcation, and (9) breach of fiduciary duty. She also alleged a quiet-title claim against both Ernestine and Eugene. On May 9, 2014, the court dismissed the nine claims against Ernestine as barred by the statute of limitations.[1] The quiet-title claim against both Ernestine and Eugene remained, and the court held a bench trial on that claim on August 5, 2015.

At trial, Heidi testified that after she and Michael had agreed to the terms of the lease-purchase agreement, they received a payment booklet in the mail from Worthen Bank

---

[1] The testimony at trial showed that Heidi waited until after her divorce from Michael to sue Ernestine because Michael did not want to sue his sister.

("Worthen"), and they made the monthly payments to Worthen. She testified that the receiver of the payments changed thereafter and that she also made payments to First Commercial Mortgage Co. ("First Commercial"), Regions Bank, and Rainey Realty ("Rainey"). She admitted that she knew her payments were going into an escrow account but assumed the increasing monthly payment meant that she was also paying taxes and insurance on the house. She testified that she made the homeowner's insurance payments and that she would not have made them if she was renting. Heidi also introduced into evidence the lease-purchase agreement and the January 2007 letter.

Following Heidi's testimony, Ernestine and Eugene moved for a directed verdict and argued that Heidi had failed to establish prima facie title pursuant to Arkansas Code Annotated section 18-60-506. The court denied the motion.

Ernestine then presented her case. She testified that she completed her mortgage payments on the house in 1992 and that First Commercial held the mortgage at that time. She noted that she made $96,960 in payments since 1982. She explained that the purchase price in the lease-purchase agreement was $40,000, because it was the amount she owed on the mortgage at that time. She testified that she contracted with Worthen and Rainey to collect the rental payments from Heidi and Michael because she did not want to be a landlord. She explained that the companies collected a fee and then distributed the payment to her. She testified that she and her husband paid the taxes on the house with the money. Ernestine explained that in 2003, when the circuit court found that she had improperly entered into the lease-purchase agreement without Eugene's consent, she discussed the problem with Michael and Heidi. She noted that she contemplated buying the home back;

however, they eventually agreed that Heidi and Michael would pay no more rent but only taxes, insurance, and termite control. She also testified that Heidi asked her to write the January 2007 letter because the insurance company would not give Heidi insurance without an interest in the home. She explained that she sent the eviction letter to Heidi when Michael moved out of the house.

Eugene then testified on his behalf. He stated that he did not authorize the sale of the house to Michael and Heidi and that he has not received any compensation from Ernestine. He did not object to Heidi living in the house as long as he received his share of the proceeds from the sale.

Following the bench trial, the court entered an order finding that Heidi had satisfied the requirements under Arkansas Code Annotated section 18-60-506. The court quieted title to Heidi and ordered Ernestine to pay Eugene his one-half interest in the property. Following the entry of the court's order,[2] Ernestine timely filed this appeal.[3]

We traditionally review quiet-title actions de novo. *Gibbs v. Stiles*, 2011 Ark. App. 302, 383 S.W.3d 453. We will not, however, reverse findings of fact unless they are clearly erroneous. *Id.* at 440, 214 S.W.3d at 877. A finding of fact is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed. *Price v. Rywell*, 95 Ark. App. 228, 235 S.W.3d 908 (2006).

---

[2] Ernestine filed a motion to vacate, and Eugene filed a motion to amend the judgment. The court did not enter a ruling on those motions.

[3] Eugene is not a party to this appeal.

Ernestine first argues that the court erred in finding that Heidi established both elements for a prima facie case for quiet title pursuant to Arkansas Code Annotated section 18-60-506. Section 18-60-506 provides that prima facie title is shown by (1) proof of color of title and (2) payment of taxes for more than seven years. We first address whether the court erred in finding that Heidi offered proof of color of title.

Ernestine argues that Heidi failed to establish color of title because the only proof she offered was the lease-purchase agreement and the January 2007 letter, and neither of those documents purported to give Heidi title to the property. This court has stated that

> Color of title is not, in law, title at all. It is a void paper, having the semblance of a muniment of title, to which, for certain purposes, the law attributes certain qualities of title. *Its chief office or purpose is to define the limits of the claim under it. Nevertheless, it must purport to pass title.* In form, it must be a deed, a will, or some other paper or instrument by which title usually and ordinarily passes. Such qualities as are imputed to it by the law, for limited purposes, are purely fictitious and are accorded to it only to work out just results. Fictions are never used in procedure or law for any other purpose.

*Weast v. Hereinafter Described Lands*, 33 Ark. App. 157, 158–59, 803 S.W.2d 565, 566 (1991) (quoting *Bailey v. Jarvis*, 212 Ark. 675, 680, 208 S.W.2d 13, 15 (1948) (quoting *State v. King*, 87 S.E. 170 (W. Va. 1915))) (emphasis added). Examples of instruments that have constituted color of title in Arkansas include a deed conveying property that had already been conveyed three years prior, a deed from a cotenant purporting to convey a fee simple, and a void tax deed. *See Jones v. Barger*, 67 Ark. App. 337, 1 S.W.3d 31 (1999); *Welder v. Wiggs*, 31 Ark. App. 163, 790 S.W.2d 913 (1990); *Horn v. Blaney*, 268 Ark. 885, 597 S.W.2d 109 (Ark. Ct. App. 1980) (holding that a void tax deed constituted color of title even though it conveyed land owned by the United States and thus was not subject to taxation).

6

However, our supreme court has held that a deed purporting to pass title but that is void on its face cannot be color of title. *Darr v. Lambert*, 228 Ark. 16, 305 S.W.2d 333 (1957) (holding that a deed containing an indefinite property description is void and does constitute color of title for a claim); *but see Belcher v. Stone*, 67 Ark. App. 256, 998 S.W.2d 759 (1999) (holding that a deed constituted color of title because a surveyor was able to locate the tract from the description). Further, we have held that a claimant cannot successfully prove color of title when the deed was made for the purpose of creating color of title. *Weast*, 33 Ark. App. 157, 803 S.W.2d 565. Claimants have also been unsuccessful in establishing color of title with a certificate of purchase issued at a tax sale and a contract for the sale of land. *Willm v. Dedman*, 172 Ark. 783, 787, 290 S.W. 361, 363 (1927) ("[Appellant's] 1914 contract for the purchase of the land did not constitute color of title. His deed of date June 13, 1918, constituted his first color of title, and at the time this suit was instituted he had not paid the taxes for 7 years under his deed."); *Throne v. Magness*, 34 Ark. App. 39, 805 S.W.2d 95 (1991).

With this precedent in mind, we hold that the circuit court erred in finding that Heidi established color of title. The lease-purchase agreement contained only Ernestine's promise to sell the property upon Heidi paying the monthly payments for eighteen years. The agreement did not purport to transfer title, and a lease-purchase agreement is not an instrument or paper by which title usually and ordinarily passes. The January 2007 letter further indicates that Heidi did not have color of title. In the letter, Ernestine recognized that Michael and Heidi had fulfilled their obligations under the lease-purchase agreement but admitted that she could not transfer title to the property. Accordingly, we hold that

Heidi failed to establish color of title. Because Heidi failed to establish color of title, a requisite element of prima facie title under section 18-60-506, we must reverse, and we need not address Ernestine's remaining points on appeal.

Reversed.

GLOVER and HIXSON, JJ., agree.

*Gill Ragon Owen, P.A.*, by: *Drake Mann* and *Christopher L. Travis*, for appellant.

*Sanford Law Firm, PLLC*, by: *Josh Sanford*, for appellee.